# DELAWARE, LACKAWANNA AND WESTERN RAIL-
## ROAD COMPANY *v.* CONVERSE.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF NEW JERSEY.

No. 228. Argued March 18, 19, 1891. — Decided March 30, 1891.

The court may withdraw a case from the jury, and direct a verdict for plaintiff or defendant, as the case may be, when the undisputed evidence is so conclusive that the court would be compelled to set aside a verdict returned in opposition to it.

The severing of a train of cars in motion on a railroad in the night time, leaving a part, uncontrolled except by ordinary brakes, to run across a public highway at grade, without warning by either flagman, bell, whistle or in some other effective way, that they were approaching, is a disregard of the rights of persons using the highway, and it justified the court in saying, as matter of law, that it constituted negligence on the part of the railroad company, for which the plaintiff could recover unless he had been guilty of contributory negligence.

The instructions of the court properly submitted to the jury the question whether the plaintiff was guilty of contributory negligence; and, the jury having passed upon that issue, this court cannot review their finding.

The rulings of the court admitting or refusing to admit evidence on sundry points were no error, having rightly held the defendant guilty of negligence, leaving the jury to determine whether the plaintiff was guilty of contributory negligence.

THE case is stated in the opinion.

*Mr. J. D. Bedle* for plaintiff in error.

*Mr. James B. Vredenburgh* for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

The object of this action is to recover damages for injuries, in person and property, alleged to have been sustained by the defendant in error (who was the plaintiff below) in consequence of the negligent manner in which the cars of the plaintiff in error were operated on the occasion when such injuries were

received. The jury returned a verdict against the railroad company for $14,000. That amount being regarded by the court as excessive, the plaintiff remitted all of it except seven thousand five hundred dollars; and judgment was entered for the latter sum.

While there was some conflict in the evidence relating to certain matters, the following facts were clearly established: The plaintiff at the time of the injuries in question, and for ten years previous thereto, was the county physician of Hudson County, New Jersey. In the discharge of his duties, he went daily from Jersey City to the County Farm on which were located a penitentiary, insane asylum, and almshouse belonging to the county, and which were reached by a public road crossing the Boonton Branch of the Delaware, Lackawanna and Western Railroad at Secaucus station in the vicinity of the County Farm. That road, commonly called the county road, is built through meadow lands which are unoccupied, except as they have been appropriated and used for the purposes of the railroad company. There is, substantially, no travel upon it except by those going to and from the County Farm. About a half-dozen wagons or vehicles on an average pass over the crossing every night. The road is from twenty-five to thirty feet in width and macadamized, and without a fence upon either side of it. At the crossing in question there are two main tracks of the railroad, one called the east-bound and the other the west-bound track, and five other tracks, two on the south side of the east-bound track, and three on the north side of the west-bound track.

The plaintiff, on the 13th day of March, 1886, went from Jersey City to the County Farm, over this county road, in a four-wheel buggy or phaeton, having a top or hood that could be let down or raised. He reached the County Farm, crossing the railroad tracks at Secaucus station, between 6 and 7 o'clock in the evening of that day, and started back to Jersey City about 8 o'clock. As he approached the station, on his return, sitting in his buggy, with the top up, and moving at an easy gait, he observed, about fifteen minutes after 8 o'clock, at a distance of one hundred feet or less, a train of freight cars,

drawn by a locomotive engine, coming on the defendant's road from the west. The train, just before reaching the point where the county road crossed the railroad tracks, was severed by the direction of those in charge of it, the engine, with the twelve cars next to it, going ahead over a switch into the railroad yard, while the other cars, twelve in number, with a caboose attached to them, making what is called a "running switch," were left to follow, by their own momentum, without being controlled otherwise than by ordinary brakes. When the engine and cars constituting the first section of the train passed the county road, there was a gap between the two sections of the severed train, the rear section being about ninety feet behind the other and passing across the county road at the rate of about ten miles an hour. The plaintiff attempted to cross the railroad tracks as soon as the engine and the cars attached to it had cleared the county road. There were neither gates, lights, nor flagman at the crossing. There was no light on the front car of the rear section of thirteen cars when they reached the crossing. The only light upon the cars of that section when they reached the crossing was in the caboose. Before reaching the crossing, a brakeman on the rear section had a lantern that was placed on the platform at the rear end of the first car of that section, which platform was, however, two feet below the roof of the car. This light was extinguished by the wind before the rear section of the train reached the crossing. After the plaintiff got on the railroad tracks with his buggy, but before reaching the east-bound main track, he discovered the cars constituting the rear section of the train, distant but a few feet, coming down upon him and too close to be avoided. The train hit his buggy, entirely destroying it and seriously, if not permanently, injuring him.

Upon, substantially, these facts, about which there could not be any dispute, the court instructed the jury, as matter of law, that the railroad company was negligent in respect to its duty to persons travelling upon the public road in question; and that the plaintiff was entitled to recover damages for any injuries sustained by him as the result of such negligence, unless it appeared that he contributed to such injuries by his own carelessness.

It is contended that the court erred in not submitting to the jury the issue as to defendant's negligence. Undoubtedly, questions of negligence, in actions like the present one, are ordinarily for the jury, under proper directions as to the principles of law by which they should be controlled. But it is well settled that the court may withdraw a case from them altogether and direct a verdict for the plaintiff or the defendant, as the one or the other may be proper, where the evidence is undisputed or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it. *Phœnix Ins. Co.* v. *Doster,* 106 U. S. 30, 32; *Griggs* v. *Houston,* 104 U. S. 553; *Randall* v. *Baltimore & Ohio Railroad,* 109 U. S. 478, 482; *Anderson County Commissioners* v. *Beal,* 113 U. S. 227, 241; *Schofield* v. *Chicago & St. Paul Railway Co.,* 114 U. S. 615, 618. "It would be an idle proceeding," this court said in *North Penn. Railroad* v. *Commercial Bank,* 123 U. S. 727, 733, "to submit the evidence to the jury when they could justly find only in one way." In the present case, it was incumbent on the plaintiff, as a condition of his right to recover, to prove that the defendant was guilty of negligence, resulting in his being injured, and, that issue being in his favor, he was entitled to a verdict unless it appeared that his own negligence substantially contributed to his injury. If the evidence was so conclusive against the defendant, upon the question of its negligence, that the jury could not reasonably find to the contrary, it was competent for the court, within the doctrines of the cases above cited, to so instruct them, leaving the jury to determine the question of the plaintiff's negligence, in respect to which the evidence was conflicting.

The inquiry, therefore, is, whether the court erred in holding, as matter of law, under the evidence, that the defendant was guilty of negligence. Upon this question we entertain no doubt. While those using a public highway are under a duty to keep out of the way of railroad cars crossing it, and to exercise to that end such care as the circumstances make necessary, the railroad company, in moving cars upon its road,

is bound to observe like care towards those who, while travelling upon such highways, whether on foot or in vehicles, are obliged to pass over its tracks. The right of a railroad company to the use of its tracks for the movement of engines and cars is no greater in the eye of the law than the right of an individual to travel over a highway extending across such tracks. The former is granted, subject to the condition, necessarily implied, that it shall be so used as not unreasonably to interfere with or abridge the latter. The obligation to use one's property in such a manner as not to injure that of others rests equally upon corporations and individuals. The duty of railroad companies whose tracks cross public highways at grade to give warning to those travelling upon them has been under consideration in many adjudged cases. When the subject is regulated by statute it may not be difficult, in a particular case, to determine whether the railroad company has performed its duty in that regard to the public. If there be no statute prescribing in what mode the necessary warning shall be given when a train of cars approaches a public highway that crosses a railroad track, at grade, the question of negligence must be determined by the special circumstances of each case. In some localities, in thickly settled communities, greater vigilance and more safeguards are required upon the part of the railroad company than would be necessary in other localities. What would be due care in one locality might be negligence in another. A very high degree of caution and circumspection is required under some circumstances. Without attempting to formulate a general rule applicable in every case of injury to person or property, it is sufficient here to say that the severing of defendant's train of cars in the night time, leaving a part of them, uncontrolled otherwise than by ordinary brakes, to run across a public highway, at grade, without some warning, by a flagman or by bell or whistle, or in some other effective mode, that they were approaching, was in such obvious disregard of the rights of persons using that highway, that the court was justified in saying, as matter of law, not simply that such facts were evidence of negligence, but that they constituted negligence, upon

the part of the company. It was justified in so instructing the jury, because every one knows, and therefore the court below knew, that such use of the defendant's tracks, where they crossed the county road, unnecessarily endangered the safety of any one who, at the time, crossed the railroad tracks while travelling on that highway. The county road upon which the plaintiff was travelling was not, it is true, much used by the general public. But that fact only affects the degree of care the defendant was bound to observe, and does not establish a right to have its cars approach the crossing, where the plaintiff was hurt, and over which the public were entitled to pass, as if there were no highway there at all. The court, in our judgment, did not err in holding, as matter of law, upon the undisputed facts in the case, that the defendant was guilty of negligence in the particulars to which we have adverted.

The next question is as to the instructions relating to the alleged contributory negligence upon the part of the plaintiff. In *Railroad Co.* v. *Jones*, 95 U. S. 439, 442, it was said that, where the damage was occasioned entirely by the negligence or improper conduct of the company, the plaintiff is entitled to recover; but that, where "the plaintiff himself so far contributed to the misfortune, by his own negligence or want of ordinary care and caution, that, but for such negligence or want of care and caution on his part, the misfortune would not have happened," he could not recover. So, in *Railroad Co.* v. *Houston*, 95 U. S. 697, 702, which was an action for damages against a railroad company, upon the ground of negligence, it was said : " The failure of the engineer to sound the whistle or ring the bell, if such were the fact, did not relieve the deceased from the necessity of taking ordinary precautions for her safety. Negligence of the employés in those particulars was no excuse for negligence on her part. She was bound to listen and to look, before attempting to cross the railroad track, in order to avoid an approaching train, and not to walk carelessly into the place of possible danger. Had she used her senses, she could not have failed both to hear and to see the train which was coming. If she

omitted to use them, and walked thoughtlessly upon the track, she was guilty of culpable negligence, and so far contributed to her injuries as to deprive her of any right to complain of others." Again in *Kane* v. *Northern Central Railway Co.*, 128 U. S. 91, 94, — which was an action by an employé of a railway company to recover damages for personal injuries alleged to result from its negligence, — this court said "that an employé is guilty of contributory negligence, which will defeat his right to recover for injuries sustained in the course of his employment, where such injuries substantially resulted from dangers so obvious and threatening that a reasonably prudent man, under similar circumstances, would have avoided them if in his power to do so." See also *District of Columbia* v. *McElligott*, 117 U. S. 621, 633. These principles are applicable to the issue in this case as to contributory negligence.

The jury were told, that, while it was the duty of the railroad company to exercise great care to warn travellers on a public highway of approaching trains, it was an equally imperative duty in travellers to exercise the same degree of care to avoid and keep off the railroad tracks when trains are approaching and crossing; that if the plaintiff advanced to and upon the tracks of the railroad without the exercise of such care to discover the approach of trains, or attempted intentionally to pass in front of a train within dangerous proximity, he was guilty of negligence; that when at a safe distance from the tracks, where the opportunity of seeing was best, it was his duty, especially in view of the dangerous character of this crossing, to stop, look up and down the road, and listen for trains; and that if he did not so stop, look and listen, he was guilty of carelessness; that if, after crossing the first or second track, the plaintiff, by the exercise of such care, could have discovered the approach of the train which struck him, he was guilty of carelessness in not discovering it and stopping short of the east-bound track; that the jury must judge of the plaintiff's opportunity of seeing whether standing cars were in the way, and, if they were, whether he could have seen over them by standing up in his carriage; that if he

could, he should have stood up; that of all this the jury must judge; and that if they found from the evidence that the plaintiff was guilty of such negligence, he could not recover. Whatever objections the plaintiff might have urged against these instructions, surely the defendant, upon the issue as to his negligence, was not prejudiced by what was thus said by the court to the jury. The jury have found that the plaintiff was not guilty of contributory negligence. That question was properly submitted to them upon all the evidence, which was contradictory, and as no error of law, in reference thereto, was committed to the prejudice of the defendant, we have no authority to review their finding in that respect. *Parsons* v. *Bedford*, 3 Pet. 433, 447; *Railroad Co.* v. *Fraloff*, 100 U. S. 24, 31.

It is assigned for error that the court allowed the plaintiff, against the objection of the defendant, to prove that the highway in question was established before the railroad was constructed. We do not presume that this fact was at all important in the case. When the witness was asked whether the public highway was there before the railroad, the court properly observed that the responsibility of the defendant was not increased or diminished, whether the fact was one way or the other. But it permitted the witness to be asked whether the county road was an old and well-established highway. The question was then changed into an inquiry simply as to how long that highway had been established. The witness answered that he went over it in 1857. The object of this proof was, as we suppose, to show that the defendant could not be ignorant of the fact that at the crossing in question there was a public highway. In that view the evidence, though not important, was not incompetent. There was no dispute as to the existence of the county road as a public highway, and what the witness said, even if incompetent as evidence, could not possibly have affected the result.

Another error assigned is the refusal of the court to allow proof by the defendant of the fact that the manner in which the plaintiff crossed the railroad tracks, between six and seven o'clock in the evening, on his way from Jersey City to the

County Farm, showed negligence upon his part. Plainly, this evidence was irrelevant. It did not, in anywise, illustrate the issue as to whether the defendant was guilty of negligence, or whether the plaintiff was guilty of contributory negligence two hours later in the evening, when the plaintiff, returning from the County Farm, attempted to cross the railroad tracks.

At the trial below the plaintiff recalled a witness, Stewart, in rebuttal, and was permitted, against the objection of the defendant, to propound this question : "Did Mr. O'Brien tell you that night what speed, in his judgment, the train that hit the Doctor was moving at the time it hit him ?" The answer was: "Yes; he said about sixteen miles an hour, positively." The action of the court in permitting this question and answer is assigned for error. O'Brien was the defendant's night yard-master at the station, and had testified in chief for defendant that the rear section of the train, when it crossed the county road, was going about ten miles an hour. He denied, upon cross-examination, that he said to Stewart, the night of the accident, that the rear section of the train was moving at the rate of fifteen miles an hour, or that he used words to that effect. The object of the evidence to which the defendant objected was to impeach the credibility of O'Brien. It was competent for that purpose. But if it was not, the admission of it is not ground for reversal. Whether the train when it struck the plaintiff's buggy, was going at the rate of ten or sixteen miles an hour, the court rightly held the defendant guilty of negligence, leaving the jury to determine, upon the evidence, the question of plaintiff's contributory negligence.

We perceive no error in the judgment and it is

*Affirmed.*