## BIRMINGHAM *v.* ROCHESTER CITY & B. R. Co.

*(Supreme Court, General Term, Fifth Department.  March, 1892.)*

1. STREET RAILROADS—STATE BRIDGE—APPARENT DEFECTS—DIRECTING VERDICT.

Where it was shown conclusively by evidence wholly uncontroverted that a street railroad company laid its tracks upon and across a bridge constructed and maintained by the state, and that plaintiff was injured while a passenger in one of its cars by the falling of balance weights used in elevating and lowering the bridge, which were suspended by a defective appliance, whose imperfection could have been easily discovered by the manufacturer, and there was no evidence that defendant had ever inspected the bridge, the court properly directed a verdict for plaintiff.

2. EXCESSIVE DAMAGES—PERSONAL INJURIES.

In an action for personal injuries sustained by a healthy child 14 years old, a verdict for $3,500 will not be disturbed as excessive, where it appeared that she was rendered senseless for 24 hours, her face was badly cut, her sight affected, and her shoulder rendered sore; that 20 months after the accident she was nervous and sleepless, and did not have a good appetite; and that the effects of the injury might continue a considerable time.

Appeal from circuit court, Monroe county.

Action by Mary Birmingham, by John C. Birmingham, guardian *ad litem*, against the Rochester City & Brighton Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

For order granting a new trial on exceptions heard at general term in the first instance, see 14 N. Y. Supp. 13.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Charles J. Bissell,* for appellant.  *J. & Q. Van Voorhees,* for respondent.

LEWIS, J.  The defendant is a common carrier of passengers operating a street railroad in the city of Rochester.  One of its routes is along West Main street and across the Erie canal, which is crossed by means of a lift bridge, which is elevated by means of hydraulic power to allow canal boats to pass. This bridge was constructed and maintained by the state.  On the 4th day of October, 1889, the plaintiff was a passenger on one of the defendant's cars upon West Main street, and while the car was crossing the aforesaid bridge she was injured by being struck upon the head and shoulders by a heavy piece of pig iron which fell from the upper part of the bridge, passing through the roof of the car, the piece of iron weighing some 80 pounds.  It fell with other pieces from an iron trough, which was suspended over the railroad track.  The pieces of iron had been placed in the trough for the purpose of being used as balance weights in elevating and lowering the bridge.  The trough was supported by stirrups attached to an iron cable, and the accident was caused by the giving way of an imperfect welding in one of these stirrups, which allowed one end of the trough to drop and the pig iron to slide out of the trough upon the car.  This case was before this court at a prior term upon a motion for a new trial upon exceptions, directed to be heard at the general term in the first instance, after a nonsuit of the plaintiff, and the facts of the case are fully and clearly stated in the opinion of Justice DWIGHT, reported in 14 N. Y. Supp. 13.  A new trial was granted, and upon the retrial, at the close of the evidence, the court intimated that it would submit no question of fact to the jury except the question of damages.  The defendant's counsel thereupon asked to have submitted to the jury the question as to whether the omission upon the part of the defendant, under the circumstances of the case, to discover the defect in the bridge, was negligence on the part of the defendant, and whether it was negligence for the defendant to continue to drive its cars across the bridge, with such knowledge as they did have of the manner of its construction.  The court denied the defendant's request, and decided that it would submit no questions of fact to the jury except the question of damages.  The defendant's counsel duly excepted to the

refusal of the court to submit the questions so requested, and excepted to the ruling of the court that it would submit no question of fact except the question of damages. Plaintiff's injuries were concededly attributable to a defective appliance, called upon the trial a "stirrup" or "saddle," which formed a part of the bridge over which the plaintiff was riding in the defendant's car, as a passenger, at the time she received her injuries. It was established upon the trial that the stirrup was imperfectly welded when it was made. It was proven that the defect could have been easily discovered by the manufacturer if he had subjected the stirrup to a well-known test. This evidence was wholly uncontroverted. The bridge had been adopted and used by the defendant in its business as a means of transporting passengers. It was decided by this court in 14 N. Y. Supp., *supra*, "that the defendant was chargeable with all of the defects of the structure,—whether original, or resulting from wear and tear, whether latent or patent,—to the same extent as if it had been constructed by the defendant itself, or owned and controlled by it." That the carrier of passengers contracts not only for his own skill and care in the conduct of the business, but for the skill and care of all those who have made or furnished any of the instrumentalities or appliances by means of which the business is conducted." This branch of the plaintiff's case was so clearly and conclusively proven, and there being no evidence or circumstances which tended to disprove the defendant's negligence, had the question been submitted to the jury, that they could not reasonably have found for the defendant. The record contains no evidence that the defendant ever inspected the bridge during the two years or more it used it prior to the accident. The court may withdraw a case from the jury altogether, and direct a verdict for the plaintiff or defendant, as the case may be, when the undisputed evidence is so conclusive that the court would be compelled to set aside a verdict returned in opposition to it. *Railroad Co.* v. *Converse,* 139 U. S. 469, 11 Sup. Ct. Rep. 569; *Dwight* v. *Insurance Co.,* 103 N. Y. 343, 8 N. E. Rep. 654. If it is proper to take all the questions of fact from the jury in a case where the evidence is uncontroverted, it is proper to refuse to submit a single question to them where it is established by the evidence beyond controversy. It was so held in the case of *Railroad Co.* v. *Converse, supra.* Had the questions which the defendant asked to have submitted to the jury been submitted and found in its favor, the result of the trial would have been the same, for the defendant's negligence consisted not necessarily in its failure to inspect the bridge, but in its use with an original imperfection, which imperfection was the cause of the accident. We agree with the ruling of the trial court that the only question for the jury was the question of damages.

The defendant contends that the verdict of $3,500 was excessive, and that a new trial should be granted for that reason. Plaintiff, when she received her injuries, was about 14 years of age. She was so severely injured that she was carried home senseless. Her mother testifies that she did not recover her senses for 24 hours, and only partially then; that she complained of soreness in her shoulder, and in her back; that her face was red and badly cut; that she remained in bed for two weeks; that her sight was affected; that she was nervous and sleepless; that before the accident she was healthy and slept well, and was not nervous. Plaintiff testified that she suffered much pain; that she had ever since the accident (a period of 20 months) suffered from dizziness and headache; that she was sleepless nights; that her ability to study had been affected; that she could not study at night; that at times she was not able to see, and had not been able to go to school steadily since her injury. The physician who attended her testified that she suffered at first from nervousness; that her appetite was not good; and that she lacked nutrition, and was pale and weak; and that the effects of the injury might continue for a considerable time. But he could not say that the injuries

would be permanent. The amount awarded the plaintiff was, in our judg-
ment, large. The question of damages was one peculiarly for the determina-
tion of the jury. The jury in this case were aided in determining the extent
of plaintiff's injuries by seeing her at the trial. The trial justice, after hear-
ing the testimony, and seeing the plaintiff, decided that the verdict was not
excessive. We do not therefore feel justified in disturbing the verdict on the
ground that it is excessive. It follows that the judgment and order appealed
from should be affirmed. All concur.