ROBINSON v. NATIONAL TUBE CO.

(Circuit Court of Appeals, Third Circuit. November 29, 1909.)

No. 41.

TRIAL (§ 141*)—TAKING QUESTION FROM JURY—QUESTIONS OF FACT—CONCLU-
SIVENESS OF EVIDENCE.

Where the evidence on an issue is uncontradicted, or of such conclusive
character that the court in the exercise of a sound judicial discretion
would be compelled to set aside a verdict returned in opposition to it,
such issue may properly be withdrawn from the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 336; Dec. Dig. §
141.*]

In Error to the Circuit Court of the United States for the Western
District of Pennsylvania.

Action by George W. Robinson against the National Tube Company.
Judgment for plaintiff, and he brings error. Affirmed.

Thos. M. & Rody P. Marshall and O. K. Eaton, for plaintiff in error.

David A. Reed, Wm. A. Seifert, and Reed, Smith, Shaw & Beal, for
defendant in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below George W.
Robinson brought suit against the National Tube Company to recover
damages for injuries caused by negligent blasting operations of the lat-
ter. Such negligence, for the purposes, of the case, was conceded, and
the evidence confined to proof that Robinson was struck by a missile
and to the damage done thereby. On the part of Robinson the conten-
tion was that his hearing was entirely sound before the accident, and
that thereafter, as the result of a blow on the left side of his head,
his right ear suppurated and destroyed his hearing. The plaintiff made
no proof of causal connection between the blow on the left side of the
head and the subsequent deafness of the right ear. On the other hand,
the defendant offered proof that there could be no such causal connec-
tion, that Robinson had scarlet fever in childhood, that his right ear
had suppurated thereafter, and that his sense of hearing had become
impaired before the blasting operations complained of. It also proved
by uncontradicted professional testimony that, when examined short-
ly after the accident, Robinson's ear bore evidence of chronic suppura-
tion of long standing. Thereupon the trial judge allowed the jury to
assess damages for other injuries, but instructed them not to assess
damages for loss of hearing. The jury found a verdict for $100, and
on entry of judgment plaintiff sued out this writ, assigning for error
the judge's withdrawal from the jury of the assessment of damages for
loss of hearing.

We have carefully examined the testimony, and are satisfied the
judge was correct in the ruling complained of. As the case was de-
clared on and tried, the contention of the plaintiff rested wholly on his
showing that his hearing was unimpaired before the accident, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

damages by him for loss of hearing were and could be based only on such contention. On that point, however, the proof was of such overwhelming preponderance that a judge could not have allowed such a verdict to stand. Under such circumstances, it was the duty of the court to prevent a mistrial in that regard, and restrict the consideration of the jury to that portion of the case which alone warranted a verdict. For, as said in Lackawanna Case v. Converse, 139 U. S. 472, 11 Sup. Ct. 569, 35 L. Ed. 213, and restated in Patton v. Texas, 179 U. S. 660, 21 Sup. Ct. 275, 45 L. Ed. 361, the court may "direct a verdict for the plaintiff or the defendant, as the one or the other may be proper, where the evidence is undisputed, or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it."

The judgment below will therefore be affirmed.