ROBERTS v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. March 29, 1912.)

No. 3,403

RAILROADS (§ 350*)—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Evidence *held* to require submission to the jury of the issue of contributory negligence of a pedestrian struck by a train at a crossing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

In Error to the Circuit Court of the United States for the Western District of Missouri.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by David C. Roberts against the Chicago, Milwaukee & St. Paul Railway Company. There was a judgment for defendant, and plaintiff brings error. Reversed, and new trial granted.

J. G. L. Harvey and John H. Atwood (James A. Reed, Ed E. Yates, T. A. J. Mastin, and R. I. Bruce, on the brief), for plaintiff in error.

Frank Hagerman (E. E. Ball and Kimbrough Stone, on the brief), for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. Through the center of Randolph, a small village of some 200 inhabitants, ran a track of defendant's railroad, a track of the Chicago, Burlington & Quincy Railroad Company, and the Wabash Railroad; such tracks running in an easterly and westerly direction. Plaintiff resided upon the north side of the village and had his saloon or place of business on the south side of the track. While going on foot from his home to his place of business on the 2d of October, 1906, in crossing defendant's track, a few minutes before 7 o'clock in the evening, he was struck by an extra freight train and received injuries for which this action was brought. The alleged negligence on the part of defendant was the running of the train through the village and across the public street without ringing the bell or sounding a whistle or giving any sign of its approach, and without any headlight. There was evidence to the effect that the train was running from 20 to 30 miles an hour without headlights and without blowing a whistle or ringing the bell. The accident occurred on the main street, running north and south, at the crossing of the tracks. There was evidence that a train upon the Burlington road crossed the street about the same time on the Burlington track, some 200 feet south of defendant's track; there was also evidence that a switch engine was operating on the Wabash tracks some distance further south of the Burlington road.

The main contention in the case was as to the darkness of the evening. The plaintiff testified that just before crossing the track he looked and listened and did not see or hear the train of defendant; that it was pretty dark; that he knew it was dark. One of his witnesses, John McGarvey, testified that it was dark; that he was on horseback, and when within 13 or 15 feet of the track his horse shied and the train whizzed by him; that that was the first he noticed the train. He said that the moon was just coming up. A Mr. Riddle testified it was getting cleverly dark; it was not real dark, and it was not real light. One Mr. Wise testified that he was at a distance of about 60 yards from the train when it stopped, and said, speaking of the train:

"Yes, sir; I couldn't see it to tell what it was. Of course, it was dark, and I couldn't see to tell what it was, but could hear it."

On cross-examination he testified that he was up to within 10 or 15 feet before he could see the train. One Hayden Lantz testified that he was north of the Burlington depot, the depot being some three

blocks away from where the injury took place, and was asked if it was light enough that he could see the train when he looked over there. He answered: "No, sir, it was perfectly dark." He further testified that he could see the form of the cars when he was about 50 feet away; that he was about 15 or 20 feet away before he could tell exactly what it was in front of him.

There was also evidence given by the United States Weather Observer at Kansas City, some eight or nine miles distant. He testified that the sun set at about 6 o'clock standard time; that the moon rose about 6:29; that the sky was clear; that the moon was full; that it became full on the morning of the 2d; that twilight continued at that date until about 7:15 to 7:30.

At the close of the testimony the court directed a verdict for the defendant, based chiefly upon the fact that the clear weight of credible testimony established the fact that the train gave a signal before reaching the crossing about 1,200 feet distant; and that it was light enough that, had plaintiff looked just before attempting to cross the track, he could and would have seen the train; and that the injury, therefore, was due to the plaintiff's contributory negligence.

We think the testimony upon each question of such a conflicting nature that it should have been submitted to the jury.

It would serve no useful purpose to attempt here to review the decisions applicable to this question. Some of them are the following: Delaware, etc., R. R. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213; Baltimore & Potomac R. R. Co. v. Cumberland, 176 U. S. 232, 20 Sup. Ct. 380, 44 L. Ed. 447; Texas & Pac. Ry. Co. v. Cody, 166 U. S. 606, 17 Sup. Ct. 703, 41 L. Ed. 1132; Chicago & N. W. Ry. Co. v. Andrews, 130 Fed. 65, 64 C. C. A. 399; St. Louis & S. F. R. Co. v. Cundieff, 171 Fed. 319, 96 C. C. A. 211.

As the court erred in not submitting the case to the jury, the judgment is reversed, and a new trial granted.