MURPHY v. MILFORD, A. & W. ST. RY. CO. (two cases).

(Circuit Court of Appeals, First Circuit. November 14, 1913.)

Nos. 1,026, 1,027.

1. CARRIERS (§ 318*)—ACTION FOR INJURY TO PASSENGER—PRESUMPTIONS—RES IPSA LOQUITUR.

The rule applied that the happening of an injurious accident is in passenger cases prima facie evidence of negligence on the part of the carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. § 318.*]

2. CARRIERS (§ 320*)—ACTION FOR INJURY TO PASSENGER—QUESTIONS FOR JURY.

Plaintiff was injured while a passenger in defendant's street car, caused by the breaking of a bolt in the back of a seat against which she was leaning. The bolt had a break which was invisible when it was in place, but could have readily been removed for inspection. The cars had been in use for five years, and there was no evidence that the bolt had been inspected during that time, although it was an important bolt and in a position which subjected it to strains. Held, that the question of defendant's negligence was one for the jury, and that it was error to direct a verdict in its favor.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. § 320.*]

In Error to the District Court of the United States for the District of Massachusetts; Francis C. Lowell, Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Actions at law by John F. Murphy and by Rosella Murphy against the Milford, Attleboro & Woonsocket Street Railway Company. Judgments for defendant, and plaintiffs bring error. Reversed.

See, also, 210 Fed. 135, 126 C. C. A. 649.

Francis I. McCanna, of Providence, R. I. (John Louis Sheehan, of, Boston, Mass., and Barney & Lee, of Providence, R. I., on the brief), for plaintiffs in error.

William B. Sprout, of Boston, Mass. (Sprout & Kendall, of Boston, Mass., on the brief), for defendant in error.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PUTNAM, Circuit Judge. These suits were brought by a husband and wife for an injury to the wife, a passenger on an ordinary open street car, caused by the breaking of the usual bolt which supported one end of the seat against the back of which the female plaintiff was leaning. Under the direction of the court the jury returned verdicts for the defendant. The defense grew out of the fact that the bolt which supported the back of the seat which fell with the female plaintiff had a break which was invisible when the bolt was screwed into the upright. On that point apparently the verdict was directed for the defendant.

[1] The law is very simply stated. First of all is the rule given by the Court of Appeals for this circuit in Whitney v. New York, N. H. & H. R. Co., 102 Fed. 850, 852, 43 C. C. A. 19, 21 (50 L. R. A. 615), that, as towards a passenger whom a carrier has taken into its safeguarding, such accidents are ordinarily presumed to be the results of the negligence of the carrier, for the reasons stated in that opinion. There the rule of the Gleason Case, 140 U. S. 435, 443, 11 Sup. Ct. 859 (35 L. Ed. 458), was applied as follows:

"The happening of an injurious accident is, in passenger cases, prima facie evidence of negligence on the part of the carrier; * * * and the burden then rests upon the carrier to show that its whole duty was performed, and that the injury was unavoidable by human foresight."

[2] There can be no doubt that ordinarily the duty of inspection was one of the duties thus resting on the defendant. It is true that the car in this case was only about five years old, and was purchased under circumstances which justified the company in assuming it was in good condition when purchased; but five years of railroad wear involves ordinarily many changes, and there is no evidence of inspection during the five years. The bolt which broke, and which was, of course, covered in part by the socket into which it was screwed, was an important bolt, not very large, but getting the thrust of the back of the seat as it reached its rest on its descent backwards and forwards. It was so located and so used that, if it gave way, the back was liable to fall as it did in this case. It is evident that the bolt, with the use of proper tools, was easily inspected. In the absence of evidence of inspection, it could not be properly ruled by the court to a jury peremptorily that the defendant performed its entire duty in this matter. It was for a jury, under proper instruc-

tions, to determine whether inspection was proper or practicable, and, if yes, to what extent.

Sweeney v. Erving, 228 U. S. 233, 33 Sup. Ct. 416, 57 L. Ed. 815, cited by the plaintiff in error, affords no assistance in this case. It is only a general discussion of the question res ipsa loquitur with reference to the use of the X-ray. The case was decided in the court below against the plaintiff, which decision was finally sustained in the Supreme Court. It holds that the burden of proof does not change, which may be the local law of the District of Columbia. At least the case was not one of injury to a passenger. It is not so favorable to the plaintiff as those already referred to. The rule we apply here was last reaffirmed in Patton v. Railway Co., 179 U. S. 658, 663, 21 Sup. Ct. 275, 45 L. Ed. 361.

On each appeal the judgment of the District Court is reversed, the verdict is set aside, and the case is remanded to that court for further proceedings in accordance with law; and the plaintiff in error recovers the costs on appeal.

BINGHAM, Circuit Judge (concurring). The first action is brought by John F. Murphy to recover damages for the loss of the society of his wife, Rosella Murphy, and for expenses incurred by reason of an injury which she sustained while a passenger on the defendant's street railway.

The second action is brought by Rosella Murphy to recover damages for personal injuries sustained by her while a passenger, as aforesaid.

The actions were tried together, and at the close of all the evidence the court directed the jury to return verdicts for the defendant. To this order, and to the court's refusal to give certain requested instructions, plaintiffs excepted. These exceptions present the question of the sufficiency of the evidence to warrant the submission of the cases to the jury upon the question of defendant's negligence.

In McDermott. v. Severe, 202 U. S. 600, 604, 26 Sup. Ct. 709, 710 (50 L. Ed. 1162), Mr. Justice Day, in delivering the opinion of the court, in a case where a child was injured through the alleged negligence of the defendant's motorman at a crossing used by travelers on foot, said:

"Negligence only becomes a question of law to be taken from the jury when the facts are such that fair-minded men can only draw from them the inference that there was no negligence. If fair-minded men, from the facts admitted, or conflicting testimony, may honestly draw different conclusions as to the negligence charged, the question is not one of law but of fact, and to be settled by the jury under proper instructions"—citing Richmond & D. R. Co. v. Powers, 149 U. S. 43, 13 Sup. Ct. 748, 37 L. Ed. 642; Northern P. R. Co. v. Everett, 152 U. S. 107, 14 Sup. Ct. 474, 38 L. Ed. 373.

In Grand Trunk R. Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485, a grade-crossing case, Mr. Justice Lamar said:

"There is no fixed standard in the law by which a court is enabled to arbitrarily say in every case what conduct shall be considered reasonable or prudent, and what shall constitute ordinary care, under any and all circumstances. The terms 'ordinary care,' 'reasonable prudence,' and such like terms, as applied to the conduct and affairs of men, have a relative significance, and cannot be arbitrarily defined. What may be deemed ordinary care in one case

may, under ·different surroundings and circumstances, be ·gross negligence. The policy of the law has relegated the determination of such questions to the jury, under proper instructions from the court. It is their province to note the special circumstances and surroundings of each particular case, and then say whether the conduct of the parties in that case was such as would be expected of reasonably prudent men, under a similar state of affairs. When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court."

The rule laid down in Grand Trunk R. Co.· v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485, has been cited with approval and made the basis of decision in Gardner v. Michigan Central R. Co., 150 U. S. 349, 361, 14 Sup. Ct. 140, 37 L. Ed. 1107; in Baltimore &· O. R. Co. v. Griffith, 159 U. S. 603, 16 Sup. Ct. 105, 40 L. Ed. 274, a grade-crossing case; in Texas & Pacific R. Co. v. Gentry, 163 U. S. 358, 368, 16 Sup. Ct. 1004, 41 L. Ed. 186, a case where an employé was injured while crossing the tracks in the defendant's railroad yard in.going to his train; and in many other cases.

In Elliott v. Chicago, Milwaukee R. Co., 150 U. S. 245, 246, 14 ·Sup. Ct. 85 (37 L. Ed. 1068), where it appeared that the plaintiff, who was foreman of a section gang on defendant's road, was run over while crossing the tracks at one of its stations, Mr. Justice Brewer stated the rule as follows:

. "It is true that questions of negligence and contributory negligence are, ordinarily, questions of fact to be passed upon by a jury; yet, when the undisputed evidence is so conclusive that the court would be compelled to set aside a verdict returned in opposition to it, it may withdraw the case from the consideration of the jury, and direct a verdict"—citing Chicago, R. I. & P. Co. v. Houston, 95 U. S. 697, 24· L. Ed. 542; Schofield v. Chicago, M. & St. P. R. Co., 114 U. S. 615, 5 Sup. Ct. 1125, 29 L. Ed. 224; Delaware, L. & W. R. Co. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213; Aerkfetz v. Humphreys, 145 U. S. 418, 12 Sup. Ct. 835, 36 L. Ed. 758.

In Southern Pacific Co. v. Pool, 160 U. S. 438,·441, 16 Sup. Ct. 338, 339 (40 L. Ed. 485), which was the case of a car repairer who was injured while working under a car by reason of another car being run into it, Mr. Justice White, in answer to the question whether the accident was caused by the negligence of Pool, said:

"To answer this question involves an analysis of the evidence (which the record fully sets out), not for the purpose of weighing the testimony, or of ascertaining the preponderating balance thereof, but in order to arrive at the undoubted proof, from which the legal consequence, negligence, results. There can be no doubt where evidence is conflicting that it is the province of the jury to determine, from such evidence, the proof which constitutes negligence. There is also no doubt, where the facts are undisputed or clearly preponderant, that the question of negligence is one of law. Union Pacific Railway Co. v. McDonald, 152 U. S. 262, 283 [14 Sup. Ct. 619, 627 (38 L. Ed. 434)]. The rule is thus announced in that case: 'Upon the question of negligence * * I * the court may withdraw a case from the jury altogether, and direct a verdict for the plaintiff or the defendant, as the one or the other may be proper, where the evidence is undisputed, or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it' "—citing Delaware, L. & W. R. Co. v. Converse, 139 U. S. 469, 472, 11 Sup. Ct. 569, 35 L. Ed. 213, and Elliott v. Chicago, M. & St. P. Railway, 150 U. S. 245, 14 Sup. Ct. 85, 37 L. Ed. 1068.

In Warner v. Baltimore & O. R. Co., 168 U. S. 339, 18 Sup. Ct. 68, 42 L. Ed. 491, a verdict had been ordered by the trial court for the defendant. That was a case where a passenger had been injured while crossing a track at a station to take a train standing on a track just beyond the one next to the station, and was run over by an incoming train. Mr. Justice White, in delivering the opinion, said:

"The learned court below, in affirming the judgment of the trial court, principally rested its conclusion on the ruling in Elliott v. Chicago, Milwaukee & St. Paul Railway, 150 U. S. 245 [14 Sup. Ct. 85, 37 L. Ed. 1068], and the authorities in that case referred to. But there the question for determination was the negligence of one not a passenger.

"The duty owing by a railroad company to a passenger, actually or constructively in its care, is of such a character that the rules of law regulating the conduct of a traveler upon the highway when about to cross and the trespasser who ventures upon the tracks of a railroad company are not a proper criterion by which to determine whether or not a passenger who sustains injury in going upon the tracks of the railroad was guilty of contributory negligence. A railroad company owes to one standing towards it in the relation of a passenger a different and higher degree of care from that which is due to mere trespassers or strangers, and it is conversely equally true that the passenger, under given conditions, has a right to rely upon the exercise by the road of care; and the question of whether or not he is negligent, under all circumstances, must be determined on due consideration of the obligations of both the company and the passenger."

In this case the court refused to follow the line of decisions of which Elliott v. Chicago, M. & St. P. R., 150 U. S. 245, 14 Sup. Ct. 85, 37 L. Ed. 1068, is a type, and followed the rule laid down in Grand Trunk R. Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485, and the cases heretofore enumerated of like import.

In Texas & Pac. R. Co. v. Harvey, 228 U. S. 319, 33 Sup. Ct. 518, 57 L. Ed. 852, there was a verdict for the plaintiff, and one of the questions was whether there was evidence of negligence warranting the submission of the case to the jury. After stating the evidence the court proceeds to discuss it as bearing upon the question of contributory negligence, as follows:

"Can it be said that the inference of negligence is so plain that all fair-minded men would be compelled to that conclusion upon a consideration of the facts? The appellate court is not a jury for the trial of a case, nor do we have the powers of a court to grant a new trial, which in the federal practice is a matter resting in the sound discretion of the trial court. The question, and the sole question, is: Was the contributory negligence so evident, applying the rules we have already stated, that it became a question of law requiring the court to take the case from the jury by direction to return a verdict for the railway company because of the contributory negligence of the deceased? We are not prepared to answer this question in the affirmative. Under all the circumstances, as we have related them, we cannot say, as an appellate court, that the trial court was wrong in leaving the question to the jury under the fair and full instructions given."

And in Slocum v. New York Life Insurance Co., 228 U. S. 364, 33 Sup. Ct. 523, 57 L. Ed. 879, it was held that since the adoption of the seventh amendment to the Constitution, so far as actions at law are concerned, federal courts of appeal cannot weigh evidence and determine issues of fact, but are confined to considering errors of law.

While in some of the cases above referred to the rule of law may have been too favorably stated for the party in whose behalf the

verdict was ordered, it is to be observed that the power which federal courts of appeal exercise, in actions at law, is not that of weighing testimony and balancing probabilities, and is not the same as that exercised by a trial court on motion to set aside a verdict as against the evidence (N. Y. Cent. & H. R. R. v. Fraloff, 100 U. S. 24, 31, 25 L. Ed. 531), and that the true rule, and the one generally recognized and applied by the Supreme Court, where the error complained of is in the direction of a verdict, is whether on all the evidence reasonable men, in the exercise of a sound judgment, would be compelled to reach the same conclusion; and that if they would not there was error, and the question should have been sent to the jury.

In this case the plaintiff's evidence tended to prove that the defendant was a common carrier of passengers, operating a street railway, and that while the plaintiff, Rosella Murphy, was riding as a passenger in one of its open cars, the back of the seat upon which she was leaning separated at one end, and fell, causing her to fall between the seat and the back, and to suffer injury.

Upon this branch of the evidence the plaintiffs invoke the doctrine of res ipsa loquitur, and the question arises under what circumstances this doctrine is applicable as against a common carrier in negligence cases.

"There are decided cases to the effect that negligence may properly be inferred against a common carrier from the mere happening of an accident; * *. * but this is a doctrine too broad to be sustained, and it has been expressly overruled in cases of high authority." Paine v. Railway, 58 N. H. 611, 613; 2 Sherm. & Red. Neg. § 516, and authorities infra.

"The carrier does not insure the passenger against injury from any cause during transportation, and there is no implied contract of safe carriage. The plaintiff's right of action is based on negligence, and negligence must be shown to authorize a recovery. If the accident may have been due to other causes than the carrier's negligence, the fact of the accident does not authorize the inference of negligence; but if the thing causing the injury is entirely within the control of the defendant, and in the ordinary course no accident would result if due care were exercised, the happening of such an accident may authorize an inference of negligence. The fact of an injury alone is not sufficient. It must be traced to the carrier. It must be shown to have proceeded from something under his control, or from some danger which, under the obligations of extraordinary care, it was his duty to anticipate and provide against.'" 3 Thomp. Com. Neg. §§ 2754–2762; Scott v. London Docks, 3 H. & C. 596; 4 Wigmore's Ev. § 2509; Penn. R. R. v. MacKinney, 124 Pa. 462, 17 Atl. 14, 2 L. R. A. 820, 10 Am. St. Rep. 601; Phila., etc., R. R. v. Anderson, 72 Md. 519, 20 Atl. 2, 8 L. R. A. 673, 20 Am. St. Rep. 483; Barnowsky v. Helson, 89 Mich. 523, 50 N. W. 989, 15 L. R. A. 33; Western Trans. Co. v. Downer, 11 Wall. 129, 20 L. Ed. 160; Boucher v. Railroad, 76 N. H. 91, 79 Atl. 993, 34 L. R. A. (N. S.) 728, Ann. Cas. 1912B, 847; White v. Railroad, 144 Mass. 404, 11 N. E. 552; 6 Cyc. 629.

The decision in Whitney v. New York & New Haven R. R., 102 Fed. 850, 43 C. C. A. 19, 50 L. R. A. 615, is not in conflict with this view of the law when the facts of that case are considered. There it appeared that the car in which the plaintiff was riding was overturned, while being operated by the defendants. There was no question but that the car was within the defendants' exclusive control, and, this being so, the evidence would, on the doctrine of res ipsa loquitur, warrant the inference that the defendants were negligent.

Stokes v. Saltonstall, 13 Pet. 181, 10 L. Ed. 115; McKinney v. Neil, 16 Fed. Cas. No. 8,865; Ware v. Gay, 11 Pick. (Mass.) 106; Stevens v. European, etc., R. Co., 66 Me. 74; 6 Cyc. 630b. The question whether the plaintiff was a passenger was important in that case, not so much as bearing upon the question whether the evidence would warrant the inference that the defendants were negligent as in determining the degree of care which they would be required to exercise with reference to him, and also whether the release from liability against accidents due to the negligence of the defendants and their servants, which the plaintiff had given to the defendants, was illegal and void. If the plaintiff was a passenger, the defendants were in duty bound to exercise the highest degree of care towards him. Pennsylvania Co. v. Roy, 102 U. S. 451, 26 L. Ed. 141. If he was a passenger, the release was illegal and void, and no defense to the action. Railroad Co. v. Lockwood, 17 Wall. 357, 21 L. Ed. 627.

The question has arisen whether or not, in the passenger cases decided by the Supreme Court (all of which are cited in Sweeney v. Erving, 228 U. S. 233, 33 Sup. Ct. 416, 57 L. Ed. 815), and where the doctrine of res ipsa loquitur was applicable, it was held that the plaintiff was relieved from sustaining the burden of proof upon the question of negligence, and that the burden was imposed upon the defendant of showing its freedom from fault. This question has been recently considered by that court in Sweeney v. Erving, 228 U. S. 233, 238, 33 Sup. Ct. 416, 418 (57 L. Ed. 815), and it was there held that in such cases it did not have the effect of shifting the burden of proof. After reviewing the earlier decisions, the court states its conclusion in these words:

"In our opinion res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff."

In addition to the foregoing evidence on the question of the defendant's negligence, it appeared there was a metal socket attached to a post at the end of the seat, and a metal arm at the end of the back which fitted into the socket, and was held in place by a screw bolt. It also appeared that before the accident occurred a passenger on the car caught his coatsleeve on the projecting end of the bolt, and saw that it was loose; and that after the accident he looked again, and saw that the bolt had fallen out of the socket. When the bolt first became loose the evidence does not disclose; but, in view of the evidence that it was loose at the time the witness boarded the car, that the car had been in use for five years, that such bolts worked loose or got out of order through use, that it did not appear that any inspection had ever been made by the defendant to ascertain the condition of the bolt, and in view of the great care which the defendant was bound to observe in passenger transportation, and of the duty

of the court to construe the evidence in the light most favorable to the plaintiff, it surely cannot be said that all reasonable men would be required to find that the defendant was free from fault. It would rather seem that on this question reasonable men might honestly differ, and that the evidence presented a case for the jury.

I concur in the result reached by the majority of the court, and for the reasons here stated.