## W. & A. FLETCHER CO. v. HAGSMAN.

(Circuit Court of Appeals, Third Circuit. December 7, 1922.)

No. 2874.

1. Negligence ☞136(10)—Contributory negligence for jury on conflicting evidence.

Where the issue of contributory negligence was squarely raised, and the evidence introduced on that issue was sufficient to sustain a verdict either way, it was not error to submit the case to the jury.

2. Negligence ☞68—Charges denying recovery for any act aiding to cause injury erroneous.

Requested charges that, if plaintiff did any act that aided in causing him to be hurt, or failed to take some care or precaution which would have prevented him from being hurt, he cannot recover are erroneous, since recovery can be denied only for such act as under similar circumstances a reasonably prudent and careful man would not commit, or for the omission of some care or precaution which would be expected of a reasonably prudent and careful person.

3. Trial ☞296(4, 5)—Informality in charge on contributory negligence held not prejudicial.

Informality in one expression of the charge on contributory negligence was not prejudicial to defendant, where the jury was specifically directed to the two acts of the plaintiff relied on as negligence, and to the question whether in doing those things plaintiff was exercising for his own protection care and caution in the measure required by law.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action at law by Ernest Hagsman against the W. & A. Fletcher Company. Judgment for plaintiff, and defendant brings error. Affirmed.

William Clarke Mason, of Philadelphia, Pa., and Joseph C. Paul, of Newark, N. J., for plaintiff in error.

Edgar J. Treacy, of New York City, for defendant in error.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. W. & A. Fletcher Company, defendant below, operated a dry dock at Hoboken, New Jersey. Its workmen were engaged in burning out rivets from the steel plates of a ship by means of acetylene torches. Hagsman, the plaintiff below, was employed by another concern and was engaged with fellow workmen in painting the ship. His task was to carry paint to the men at the ship's sides. On the occasion in question Hagsman, carrying paint in an open bucket, passed near or under the men using the torches. A spark fell into the bucket and ignited the paint. The fire was communicated to Hagsman and he was burned. In this suit, which shortly followed, Hagsman charged the Fletcher Company with negligence in permitting its employés to work with torches near or over the place in which he was working with combustible materials and in so carelessly managing its employés that fire from their torches fell upon and ignited the materials he was handling. The Fletcher Company defended by charging Hagsman with contributory negligence in walking with an open bucket of paint into falling sparks visible to anyone who was looking where he was going. The plaintiff had a verdict and the case is here on the defendant's writ of error.

[1] While we have given consideration to all assignments of error we shall discuss only the three upon which the plaintiff in error (defendant below) lays particular stress. The first, and most important, is the court's denial of the defendant's motion for a directed verdict. The motion was based on contentions that there was no submissible evidence of negligence on the part of the defendant, and, more particularly, that the court should find the plaintiff guilty of contributory negligence as matter of law. In reviewing a like motion the Supreme Court, in Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 428, 429, 12 Sup. Ct. 679, 687 (36 L. Ed. 485), said:

"As the question of negligence on the part of the defendant was one of fact for the jury to determine, under all the circumstances of the case, and under proper instructions from the court, so also the question of whether there was negligence in the deceased which was the proximate cause of the injury, was likewise a question of fact for the jury to determine, under like rules. The determination of what was such contributory negligence on the part of the deceased as would defeat this action, or perhaps, more accurately speaking, the question of whether the deceased, at the time of the fatal accident, was, under all the circumstances of the case, in the exercise of such due care and diligence as would be expected of a reasonably prudent and careful person, under similar circumstances, was no more a question of law for the court than was the question of negligence on the part of the defendant. There is no more of an absolute standard of ordinary care and diligence in the one instance than in the other."

Applying this law to the record, it will be sufficient to say that distinct issues of negligence and contributory negligence were squarely raised and clearly defined and that the evidence introduced in their support and opposition was sufficient to sustain a verdict either way. It follows that the trial court did not err in submitting the case to the jury. Railroad v. Pollard, 22 Wall. 341, 22 L. Ed. 877; Railroad v.

Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213; Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 417, 12 Sup. Ct. 679, 36 L. Ed. 485.

[2] The defendant next complains of the manner in which the case was submitted, assigning as error the refusal of the trial court to charge two of its points. They are as follows:

"10. If you find that the plaintiff did any act that aided in causing him to be hurt, he cannot recover.

"11. If you find that the plaintiff failed to take some care or precaution, which if he had taken, would have prevented him from being hurt, he cannot recover."

The trial judge felt that he had already charged these points with appropriate modifications. The defendant, however, insisted that they be charged in their exact terms. An unqualified affirmance of the tenth point would have been error for, obviously, the law bars recovery by one who has been injured, not for "*any* act [of his] that aided him to be hurt," but only for such an act as, under similar circumstances, would not be expected of a reasonably prudent and careful person in the exercise of the duty to protect himself. A like infirmity lurks in the eleventh point, for again the test of a bar to recovery is not whether "the plaintiff failed to take *some* care or precaution, which if he had taken, would have prevented him from being hurt," but is whether he failed to take that care and precaution which "would be expected of a reasonably prudent and careful person, under similar circumstances." Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 429, 12 Sup. Ct. 679, 36 L. Ed. 485.

[3] Although the defendant, after being allowed exceptions to the court's refusal to charge the points quoted, expressed itself, through its counsel, as having no exceptions to the court's charge in general other than on the points requested, it now seeks a review of the court's general instruction on the law of contributory negligence. While there is no exception on which to predicate this assignment of error, we have of our own motion reviewed the instruction in search of a plain error of which, if one were found, we could take notice under our rule. But we have found none. The defendant insists that the trial judge in his general charge permitted the jury to weigh the acts of negligence of the opposing parties, one against the other, and to reach a verdict by determining which was guilty of the greater negligence. We find nothing of the kind in the charge. On the contrary it appears that the judge followed susbtantially, indeed very closely, the law of contributory negligence as laid down by the Supreme Court in Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 429, 12 Sup. Ct. 679, 36 L. Ed. 485. Though there may be informality in one expression, the instruction could not conceivably have prejudiced the defendant or confused the jury because it was directed to just two acts of the plaintiff; first, his act of walking into the sparks; and second, his failure to put a cover on his paint pail; and was addressed to the question whether in doing these things the plaintiff was exercising for his own protection care and caution in the measure required by the law. The jury answered the question by their verdict.

The remaining assignments of error are resolved against the plaintiff in error.

The judgment below is affirmed.