ENGEL, Circuit Judge,
concurring.
I concur because I agree that the result reached by the majority is largely consistent with the position taken by the circuits which have addressed this same question, *395 see particularly Wheeler v. Laudani, 783 F.2d 610 (6th Cir.1986); In re Franklin, 726 F.2d 606 (10th Cir.1984); In re Cecchini, 780 F.2d 1440 (9th Cir.1985). Uniformity on this question is desirable because bankruptcy is an area in which “it is more important that the applicable law be settled than that it be settled right.” Burnet v. Coronado Oil & Gas Co., 285 U.S. 393, 406, 52 S.Ct. 443, 447, 76 L.Ed. 815 (1932) (Brandéis, J., dissenting). Were we writing upon an entirely clean slate, however, I would have been inclined to agree with United States District Judge Horace C. Gilmore’s conclusion of dischargeability. The conduct which occasioned the judgment against the bankrupt doctor, while agreed by all to be “appalling” was not “willful and malicious injury,” but instead constituted reckless disregard of a professional duty of care, a type of conduct which Congress indicated, at least in its legislative history, was even subject to dischargeability.[1]

. Paragraph 5 provides that debts for willful and malicious conversion or injury by the debt- or to another entity or the property of another entity are nondischargeable. Under this paragraph "willful" means deliberate or intentional. To the extent that Tinker v. Colwell, 139 U.S. 473 (1902) [sic 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904)] held that a less strict standard is intended, and to the extent that other cases have relied on Tinker to apply a "reckless disregard” standard, they are overruled.
H.R.Rep. No. 595, 95th Cong., 1st Sess. 365, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6320-21; S.Rep. No. 989, 95th Cong., 1st Sess. 79, reprinted in id. at 5865.