Walter D. Corrigan, Sr., and A. C. Backus, Jr., both of Milwaukee, Wis., for appellant.

Sol J. Weil, of Milwaukee, Wis., for appellee.

Before ALSCHULER, FITZHENRY, and ANDERSON, Circuit Judges.

FITZHENRY, Circuit Judge.

This is an appeal from a decree in favor of the trustee and against the bank in a suit in equity, by the trustee, to avoid as a preference the payment of certain sums of money to the bank by the bankrupt, Smith, A. J. Of Course, Inc. The decree of the District Court was that there had been such a preference and that the trustee recover $9,455.15 damages and costs.

The bankrupt was a Wisconsin corporation engaged in the men's furnishing business in Milwaukee, Wis. For many years it had

**FIRST WISCONSIN NAT. BANK OF MIL-WAUKEE v. CHARNESS.**

**No. 5182.**

Circuit Court of Appeals, Seventh Circuit.

Nov. 19, 1934.

had a checking account and maintained a line of credit with appellant. On June 24, 1931, the bankrupt found itself in financial difficulties and unable to meet its liabilities as they matured. It wrote to its merchandise creditors, proposing a plan of composition and extension by which it agreed to pay 25 per cent. of their claims to all of the merchandise creditors and the balance, evidenced by promissory notes, on January 1, 1933. Appellant learned of this arrangement on July 7, 1931, and approved it.

On July 22, 1931, the bankrupt was indebted to appellant in the sum of $13,000, evidenced by a promissory note executed by the bankrupt and secured by the personal guarantee of A. J. Smith, the president and chief stockholder of the company. On that date Smith assigned to the bank as collateral security on the note an insurance policy on his life which had a cash surrender value of approximately $4,000, and the bank agreed not to press its claim for payment.

On August 29, 1931, and September 7, 1931, appellant agreed with certain merchandise creditors of the bankrupt that merchandise which they shipped to bankrupt subsequent to that date and prior to January 1, 1933, would have priority over any amount which the bankrupt might owe appellant, to the value of the stock of all merchandise which the company had on hand. In reliance upon this agreement, the merchandise creditors accepted the bankrupt's offer of composition and extension, and the bankrupt made the 25 per cent. payment in cash and executed its notes for the balance, except for merchandise creditors with claims of $50 or less, which it paid in full.

From the 10th of February, 1932, to April 30, 1932, the bankrupt conducted a special sale, which was advertised extensively in the press and by displays in its windows and stores as a "going out of business" sale. The sale was held with the knowledge, consent, and approval of appellant. The District Court found that on March 1, 1932, and for some time prior thereto, and on all subsequent dates, including April 30, 1932, Smith, A. J. Of Course, Inc., was insolvent, and that appellant, First Wisconsin National Bank, knew, or had reasonable cause to believe, that the company was insolvent. Payments were made to appellant by the company to discharge its indebtedness to the bank on the following dates, and in the following sums: January 2, 1932, $1,000;

March 2, 1932, $2,000; March 12, 1932, $1,000; March 22, 1932, $1,000; April 1, 1932, $1,000; April 30, 1932, $4,000. With the exception of the payment on April 30, 1932, on each of the dates on which the company made payments to the bank, the bank advised the company that, unless the payment was made, the bank would offset and charge the amount due on the note against the deposits of the company in the bank.

The District Court found that, at the time these deposits were made in the bank and at the time they were applied to the payments made by the company on the note evidencing its indebtedness to the bank, the bank knew, or had reasonable grounds to know, that the effect of making said deposits would be to enable the bank to obtain a preference and a greater percentage of its debt than other creditors of the same class. The court held that the deposits of the proceeds of this special sale were not made in the ordinary course of business, but were the proceeds of a sale conducted by the company with the co-operation of the bank, and the payments made from a built up account.

It was contended on behalf of the bank that the deposits were made in the usual and ordinary course of business; that it had the right of offset of all that was credited to the company in its checking account against the indebtedness of the company; that the checks issued by the company on that account amounted to a voluntary exercise of the right of offset; that the checks, except to the extent of $2,839.96, were drawn on deposits made prior to March 2, 1932, and that those deposits were not within the four-month period; and that the payment of $4,000 could not constitute a preference because the bank was a secured creditor in that amount and was, by that payment, forced to surrender an equivalent value held as collateral.

The record discloses that in the trial of this case the issues of fact were clearly drawn and, after hearing all of the evidence, the court made and filed its findings of fact. It is very plain there was evidence before the court tending to sustain every material finding. There was ample support in the record for the finding of the District Court that the bank knew, or had reasonable cause to believe, that a preference would be effected by the payments of the company made between March 2, 1932, and April 30, 1932, and the application of the deposits amounted, therefore, to a voidable transfer and a recoverable

preference. Studley v. Boylston Nat. Bank, 229 U. S. 523, 33 S. Ct. 806, 57 L. Ed. 1313.

Upon the facts shown, the court was justified in entering the decree from which this appeal is prosecuted, and it must therefore be affirmed.