## BENDER v. GOLDMAN.
### No. 5960.

Circuit Court of Appeals, Third Circuit.
May 28, 1936.

George L. Reed, of Harrisburg, Pa., for appellant.

Thomas D. Caldwell and Caldwell, Fox & Stoner, all of Harrisburg, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

The question here involved is whether under the facts and pleadings it was incumbent upon the plaintiff to establish by a fair preponderance of evidence, first, that the bankrupts, both as a firm and as individuals, were insolvent at the time of the alleged preference; and, second, that the defendant knew, or had reasonable cause to believe, that the enforcement of the judgment would result in a preference.

From the proofs it appears that Abraham Goldman and Leo Berman started in business as a partnership under the name of Penn Wood Heel Company, which firm was engaged in making wooden heels for women's shoes. Elizabeth B. Goldman worked for the company. The company, through Abraham Goldman, gave to her a judgment note for $2,500 for the firm's indebtedness to her. The company became somewhat involved financially, and she entered up her judgment, sold the assets of the business, and paid all the debts of the firm, with the exception of one creditor. The petition in bankruptcy was filed against Goldman and Berman, individually and as copartners. Paragraphs 9 and 10 of the bill in equity filed in the court below are as follows:

"9. That the said defendant, Elizabeth B. Goldman, caused her judgment to be entered and execution to issue thereon knowing or having reasonable cause to believe that the said bankrupt was insolvent and that she would thereby secure a preference under the provisions of the Bankruptcy Act.

"10. That at the time of the entry of the judgment and the issuing of the writ of execution aforesaid, the said bankrupts, being the defendants in the said judgment, were insolvent and they were known or believed by the defendant to be insolvent."

The answers to paragraphs 9 and 10 are found on page 10 of the record, and are as follows:

"9. The defendant denies that she caused her judgment note to be entered and execution to be issued thereon, knowing or having reasonable cause to believe that the said bankrupt was insolvent and that she would thereby secure a preference under the provisions of the Bankruptcy Act.

"10. The defendant denies that at the time of the entry of the aforementioned judgment or the issuing of the execution thereon that she had any knowledge that the bankrupts were insolvent or that she had any reason to believe that the bankrupts were insolvent."

It will be seen that the partners were declared against as a firm and not as individuals, and the failure to deny that they were insolvent as individuals did not, contrary to the contentions of the appellant, admit that they were insolvent individually. Accordingly, we hold with the appellee and the court below that it was not incumbent upon the appellee to prove that the members of the firm were insolvent individually.

Second, did the appellee know, or have reasonable cause to know, that the enforcement of the judgment would result in a preference? It was pointed out that she was not a bookkeeper and did not know of the real financial status of the firm. She was told only what it was necessary for her to know in doing the work she did, and there was no evidence that she knew the firm was insolvent. Having charged in the bill that she knew, or had reasonable cause so to know this, the burden was upon the appellant to prove that fact. We think the trustee in bankruptcy has failed to do that and that the finding of the court below must stand, because there is nothing in our judgment to invalidate her judgment. So holding, the decree of the court is affirmed.