## WIDETZKY v. PILGRIM TRUST CO.
### No. 3453.

Circuit Court of Appeals, First Circuit.
Jan. 10, 1940.

Hyman J. Torf, of Boston, Mass., for appellant.

Francis T. Leahy and Edmund P. Keleher, both of Boston, Mass., for appellee.

Before MAGRUDER and BINGHAM, Circuit Judges, and FORD, District Judge.

BINGHAM, Circuit Judge.

This is an action at law brought in the Massachusetts District Court by the trustee in bankruptcy of the Fulton Beef & Provision Co., Inc., against the Pilgrim Trust Co., to recover certain alleged preferential transfers made to the bank within four months prior to the filing of a petition in bankruptcy against the Fulton Co. The petition in bankruptcy was filed July 22, 1937, adjudication was had August 5, 1937, and Widetzky shortly afterwards was chosen trustee.

The plaintiff's declaration contains five counts. In the first it was alleged, (1) that the Fulton Co. was insolvent within four months preceding the filing of the petition in bankruptcy and was indebted to the bank in the sum of $3,350; (2) that it transferred to the bank $3,500 in the sums and on the dates set forth in the account

annexed marked "A"; and (3) that the bank had reasonable cause to believe that the transfers would effect a preference.

The account annexed reads as follows:

"Item 1. May 14—June 18, 1937
Deducted by Pilgrim Trust Company, six payments: $ 300.00

Item 2. June 15, 1937
Transferred by check of Fulton Beef & Provision Co., Inc., to Pilgrim Trust Company: 300.00

Item 3. June 21, 1937
Taken by Pilgrim Trust Company: 71.56

Item 4. June 24, 1937
Taken by Pilgrim Trust Company: 2678.44
————
Total $3350.00"

The remaining counts contain like allegations, the only difference being that each count relates solely to one of the four above enumerated items.

The defendant's answer was a general denial; and it further answered, "that if the plaintiff proved that at the time of filing the petition in bankruptcy, the bank had on deposit money to the credit of the Fulton Co., that it owed the bank in excess of the deposit, and the deposit was lawfully set off against the sum due the bank."

It appeared in evidence that in March, 1935, the Fulton Co. began business in Boston selling meat and provisions at wholesale and thereafter made deposits in the bank in a general checking account and borrowed money from time to time from the bank, giving its notes therefor. Its obligations to the bank as of June 11, 1937, were as follows:

Note dated May 7, 1937, for $350 payable in $50 installments, weekly.

Note dated May 29, 1937, for $1,000 payable July 8, 1937.

Note dated June 11, 1937, for $2,000 payable July 22, 1937.

Between May 7 and June 14, 1937, the Fulton Co. paid the bank $300 on the $350 note, leaving the last installment of $50, due June 25, 1937, unpaid. This is the only direct payment made by the company to the bank that is here in question.

June 15, 1937, the Fulton Co. gave the bank a check for $300, drawn on its deposit, to be and which was credited to the company's indebtedness.

On June 21, 1937, the Fulton Co. had on deposit $74.56, which a creditor attached on trustee process, returnable in the Municipal Court of Boston July 17, 1937. The bank then credited $71.56 of this sum on the company's indebtedness, held $3 for expense of service, and notified the Fulton Co. accordingly.

On June 23, 1937, checks were deposited totalling $2,537, part of which was withdrawn on that day in cash and the balance by certified check.

On June 24, 1937, another creditor of the Fulton Co. caused the bank to be served by trustee process twice, once at 10.10 A. M. and again at 10.11 A. M. on a writ returnable in the Boston Municipal Court July 24, 1937. At 10.12 on June 24, 1937, the Fulton Co. deposited in the bank $2,698.47 in checks and cash. Thereafter on that day an officer of the bank having learned of the attachment and of the deposit, applied $2,678.44 of the deposit on the indebtedness of the Fulton Co., holding $3 on each of the attachments for expenses of service, leaving a balance of $14.03, which was withdrawn by the Fulton Co. July 26, 1937, when the account was closed.

At the close of the evidence, the defendant submitted the following request, among others:

"No. 9. The defendant had a right under the law to offset against moneys on deposit in the bankrupt's name at the time when an attachment by trustee process was served upon it, any indebtedness due to it from the bankrupt, whether or not such offset would result in a preference in favor of the defendant."

The court instructed the jury as to this matter as follows:

"The defendant had a right under the law to offset against moneys on deposit in the bankrupt's name at the time when an attachment by trustee process was served upon it, any indebtedness due to it from the bankrupt, *whether or not such offset would result in a preference in favor of the defendant;* but of course would have a voidable preference if it was made with knowledge, or with reasonable cause to believe that by taking such money it would result in a preference."

After the charge and before the jury retired, the plaintiff excepted to so much of the charge as was included in the above-quoted request. This was the only exception taken by the plaintiff during the progress of the trial and preserved in the bill of exceptions.

The jury returned a general verdict for the defendant, and the plaintiff duly prosecuted this appeal. The case was tried before the new Rules of Civil Procedure, 28

U.S.C.A. following section 723c, became effective and the District Court being of the opinion that their application "to the appeal in this case would not be feasible or would work injustice," prior to the appeal being taken, ordered that "the former procedure on appeal should apply." Rule 86 of the Rules of Civil Procedure.

The plaintiff filed seven assignments of error, of which only the second was based on an exception, the one above referred to and preserved in the bill of exceptions.

■ It has been repeatedly held in this court that errors not apparent upon the face of the record proper, but arising during the course of the trial, must be excepted to at the time, duly preserved in a bill of exceptions, and be set out in an assignment of errors. Slip Scarf Co. v. Wm. Filene's Sons Co., 1 Cir., 289 F. 641; Ana Maria Sugar Co. v. Quinones, 1 Cir., 251 F. 499.

It follows, therefore, that as assignments of error Nos. 1, 3, 4, 5, 6 and 7 are not based on errors apparent upon the face of the record proper or on exceptions duly taken and preserved, the plaintiff takes nothing by these assignments.

■ Although the plaintiff excepted to the portion of the charge contained in the defendant's request, that request was not given, except as modified and restricted in the charge, to which no exception was taken. To have preserved his rights, if any, the plaintiff should have excepted to the portion of the charge as given and not having done so, he saved no valid exception.

■ We are also of the opinion that had the plaintiff excepted to the request as modified and given, no error would have been committed to his injury. The portion of the charge contained in the request was in substance that the bank had a right to set off deposits of the Fulton Co. against the latter's indebtedness to the bank, even though it would result in a preference to the bank. If the court had given the charge requested without modification, it would undoubtedly have been prejudicial error. But it was not so given. It was modified and restricted. The jury was told that if an offset resulted in a preference, it would be a voidable preference or transfer, if made by the bank with knowledge or reasonable cause to believe that it would result in a preference. The charge thus modified and restricted was not unfavorable to plaintiff, for it assumed in his favor that the Fulton Co. was insolvent when the offsets were made. In any event it did not harm him.

■ The whole charge is not before us. The portion reported states that the court had earlier instructed the jury as to what the bank's right of "setoff" was, and it not being before us, we must assume that the instruction on that point was correct and charged in substance that "when an insolvent customer makes a deposit with his bank, in good faith and in the usual course of business, at any time within four months before the petition in bankruptcy is filed against him, the bank is allowed to credit the amount on notes of the bankrupt held by it" (American Bank & Trust Co. v. Coppard, 5 Cir., 227 F. 597, 598), matured or not matured, the bankrupt then being insolvent. Schuler v. Israel, 120 U.S. 506, 7 S.Ct. 648, 30 L.Ed. 707; Wunderlich v. Merchants' Nat. Bank, 109 Minn. 468, 124 N.W. 223, 27 L.R.A.,N.S., 811, 134 Am.St. Rep. 788, 18 Ann.Cas. 212.

■ The bill of exceptions states that "the uncontradicted evidence was that the bankrupt was insolvent continuously for at least four months prior to the filing of the petition in bankruptcy." This being so, it may be assumed that the jury so found, as they were required to do on this state of the evidence. And as the payment of $300 was directly made by the Fulton Co. to the bank within the four months' period, we may assume the jury found, as they were required to do, that this payment was a preferential transfer. The only question as to this payment left for the jury to pass upon was whether the bank knew or had reasonable cause to believe that it would effect a preference, and this question it answered "No" by its verdict.

■ Now as to the offsets. There were three offsets of deposits by the bank. The first was of $300, effected through the check for that sum on June 15, 1937 (see Studley v. Bank, infra); the second was of $71.56 on June 21, 1937; and the third was of $2,678.44 on June 24, 1937. All of these occurred within the four months' period when the evidence showed that the Fulton Co. was insolvent, and the material question as to these items was whether each offset effected a preferential transfer. If the jury found the deposits were made in good faith and in the regular course of business, though while the Fulton Co. was insolvent and within the four months' period, none of the offsets by the bank ef-

fected a preferential transfer and the plaintiff could recover nothing. In re Wright-Dana Hardware Co., 2 Cir., 212 F. 397, 400, 401; New York County Nat. Bank v. Massey, 192 U.S. 138, 24 S.Ct. 199, 48 L.Ed. 380; Studley v. Boylston Nat. Bank, 229 U.S. 523, 33 S.Ct. 806, 57 L.Ed. 1313. But if the jury found that any of the offsets were for reasons set forth in the charge preferential, then the question remained whether the bank had reason to believe that they would effect preferences. If none of the offsets were preferential transfers the plaintiff could not recover; and if some or all were preferential, he could then recover only in case the bank had reason to believe such offsets would effect preferences.

We hold, (1) that assignments of error Nos. 1, 3, 4, 5, 6 and 7 are not based on errors apparent upon the face of the record proper, or on exceptions duly taken and preserved; (2) that the second assignment of error is likewise not based on an exception to the charge as given; and (3) that had the charge as modified and given been excepted to, the plaintiff would not have been harmed.

For the reasons stated we think the judgment of the District Court should be affirmed and our order is:

The judgment of the District Court is affirmed, with costs to the appellee.