## CANRIGHT v. GENERAL FINANCE CORPORATION.

### No. 7653.

Circuit Court of Appeals, Seventh Circuit.

Oct. 27, 1941.

William V. Brooks, of Chicago, Ill., and Wm. G. Palmer and Oris Barth, both of Urbana, Ill., for appellant.

H. H. Whittemore, of Kankakee, for appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Defendant seeks to reverse a judgment rendered against it in an action brought by the plaintiff, the trustee in bankruptcy of Edward Wennerholm, for preferential payments made by the bankrupt.

Wennerholm, a retail automobile dealer, was adjudged a bankrupt on May 2, 1939. The court, trying the case without a jury, found that on March 25, 1939, the bankrupt owed defendant $5177.64, for which it held no security; that after April 14, 1939, and up to April 21, 1939, the bankrupt, while insolvent and at a time when defendant had reasonable cause to believe that bankrupt was in fact insolvent, paid defendant on account of said indebtedness $4598.22.

Since the trial court in his memoranda of holdings (D.C., 35 F.Supp. 841) amply related the facts, it will not be necessary that they be restated in this opinion.

Under § 60 of the Bankruptcy Act, 11 U. S.C.A. § 96, a bankrupt is deemed to have given a preference if within four months preceding his bankruptcy, while insolvent, he has made a payment to a creditor, the effect of which enables the payee to receive a greater percentage of his claim than other creditors of the same class, and § 60, sub. b provides that such preference may be avoided at the suit of the trustee, if the payee had reasonable cause to believe that a preference would be effected as a result of the payment.

To be sure, the law presumes that the payment is legal. To overcome this presumption and establish the essential elements of a voidable preference, the burden of proof is on the trustee. Miller v. Martin, D.C., 17 F.2d 291, 293. By "reasonable cause" is meant knowledge of such facts as to induce a reasonable belief as opposed to suspicion, i. e., the creditor must have such a knowledge of facts as to induce a reasonable belief of his debtor's insolvency. Grant v. First National Bank, 97 U.S. 80, 24 L.Ed. 971.

In the instant case defendant insists that plaintiff has failed to prove the essential elements of a voidable preference.

There was substantial evidence proving that the bankrupt was insolvent at the time of the payments in question, his assets not exceeding $23,000 while his liabilities amounted to $45,000. It also appears that the bankrupt on a number of occasions had given defendant checks which, when presented for payment, were dishonored. So too, there was evidence that defendant had knowledge on April 17 that the eight contracts mentioned in the trial court's memoranda of holdings were not bona fide. It

knew then that they were spurious, false transactions, and that the automobiles were not in the hands of the purchaser; consequently, the defendant held no security. Moreover defendant had been advised of the bankrupt's financial condition, disclosing that he was insolvent. Viewing the transactions in the light of this evidence, we are of the opinion that the finding of the bankrupt's insolvency and that the payments made to the defendant were made at a time when defendant had reasonable cause to believe that the bankrupt was in fact insolvent, cannot be disturbed by this court. Brown Shoe Co. v. Carns, 8 Cir., 65 F.2d 294; In re Campion, D.C., 256 F. 902 and Prudential Ins. Co. v. Nelson, 6 Cir., 96 F. 2d 487.

The point is made that the plaintiff failed to prove the payments resulted in the defendant obtaining a greater percentage of its claim than other creditors of the same class.

It is true the trial court made no specific finding that defendant had knowledge that the payments resulted in the defendant obtaining a greater percentage of its debt over other creditors, but to agree with defendant's contention would be in effect to close our eyes to the realities of the situation. Whether a creditor has received a preference is to be determined, not by what the situation would have been if the debtor's assets had been liquidated and distributed among his creditors at the time the alleged preferential payment was made, but by the actual effect of the payment as determined when bankruptcy results. Palmer, etc. v. Brown, 297 U.S. 227, 229, 56 S.Ct. 450, 80 L.Ed. 655. It will be enough to say that this record clearly established the fact that the effect of the payments, if sustained, would enable the defendant to obtain a greater percentage of its debt than the other creditors of the same class.

Defendant finally contends that the court erred in excluding testimony by which it endeavored to prove that Wennerholm Sales & Service was a partnership. It argues that in determining the bankrupt's solvency or insolvency, it had a right to include the assets of the bankrupt's father, on the theory that the father was a partner. In support of its contention counsel cite Bender v. Goldman, 3 Cir., 84 F.2d 391 and Worrell v. Whitney, D.C., 179 F. 1014. They are not applicable. In those cases the petitions in bankruptcy were filed against the bankrupts individually and as co-partners. In

our case the individual bankruptcy of Wennerholm was involved. There is no merit to this contention.

We have given serious consideration to and examined all of the testimony and are convinced that the findings of the District Court were sufficiently supported by the evidence. The judgment will be affirmed.

Affirmed.