**In re HENRY C. REUSCH & CO., Inc.**

**No. 635.**

District Court, D. New Jersey.

April 17, 1942.

Kasen, Schnitzer & Kasen, of Newark, N. J. (David W. Kahn, of New York City, of counsel), for trustee.

Hood, Lafferty & Emerson, of Newark, N. J. (Alan V. Lowenstein, of Newark, N. J., of counsel), for creditor.

SMITH, District Judge.

The debtor, Henry C. Reusch & Company, Inc., filed an original petition under Chapter XI of the Bankruptcy Act, 11 U. S.C.A. § 701 et seq., on June 12, 1940. The proposed arrangement was abandoned prior to acceptance, and the debtor, hereinafter referred to as the Bankrupt, was adjudged a bankrupt on August 13, 1940. The creditor, Fidelity Union Trust Company of New Jersey, hereinafter referred to as the Bank, filed a claim in the amount of $29,451.50, representing, among other debts,

the indebtedness on three renewal notes on which the Bankrupt was liable as maker, and Walter G. Reusch, the president of the Bankrupt, and William H. Reusch, a brother of the said Walter G. Reusch, were liable as endorsers. The trustee in bankruptcy moved to expunge the claim on the ground that the Bank, within the four months preceding the filing of the said petition, to wit, on March 11, April 15 and June 7, 1940, had received payments on account in the sums of $5,000.00, $3,000.00 and $2,548.50, respectively, which payments were voidable preferences within the meaning of the Bankruptcy Act, § 60, 11 U.S.C.A. § 96. The referee in bankruptcy, after hearing, denied the motion.

The matter is before the court at this time on a petition for review filed herein by the trustee in bankruptcy. The questions presented for determination are primarily factual; it is necessary, therefore, that each of the said payments be viewed and interpreted in the light of its peculiar facts and circumstances.

■ It is not disputed that the first payment, that of March 11, 1940, was made at a time when the Bankrupt was insolvent. This payment, however, even though a preference was effected, is not voidable unless the Bank had reasonable cause to believe at the time of the payment that the Bankrupt was insolvent. Canright v. General Finance Corporation, 7 Cir., 123 F.2d 98. A preference may be avoided under the Bankruptcy Act, § 60, sub. b, 11 U.S.C.A. § 96, sub. b, only "if the creditor receiving it * * * has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent." This prerequisite to a voidable preference was well recognized prior to the Amendment of June 22, 1938, the Chandler Act. Studley v. Boylston National Bank, 229 U.S. 523, 33 S.Ct. 806, 57 L.Ed. 1313; Cusick v. Second National Bank, 73 App. D.C. 16, 115 F.2d 150; Valley National Bank v. Westover, 9 Cir., 112 F.2d 61; McDougal v. Central Union Conference Ass'n, etc., 10 Cir., 110 F.2d 939; Widetzky v. Pilgrim Trust Co., 1 Cir., 108 F.2d 647; Prudential Insurance Company of America v. Nelson, 6 Cir., 96 F.2d 487; Charlesworth v. Hipsh, Inc., 8 Cir., 84 F.2d 834; Bender v. Goldman, 3 Cir., 84 F.2d 391.

■ This payment, under the facts and circumstances that here existed, did not constitute a voidable preference. An audit prepared on September 13, 1939, and there-

after submitted to the Bank, although it disclosed a precarious financial condition, did not disclose insolvency. The insolvency became apparent at or about the time of the bankruptcy, and then only after careful investigation. The accountant, who made an examination of the books and records of the Bankrupt at the request of the trustee in bankruptcy, established the insolvency as of the date of the said payment only after application of arbitrary formulae under which certain accounts receivable were written off as uncollectible and certain inventory was reappraised at a value lower than that at which it had been carried. The margin of insolvency thus established was comparatively small.

■ The testimony may support an inference that the Bank, at the time of the payment was, and had been for several months prior thereto, suspicious of the Bankrupt's financial condition, but the testimony will not support an inference that the Bank had reasonable cause to believe that the Bankrupt was insolvent. Canright v. General Finance Corporation, Studley v. Boylston National Bank, Cusick v. Second National Bank, Valley National Bank v. Westover, McDougal v. Central Union Conference Ass'n, etc., Widetzky v. Pilgrim Trust Co., Prudential Insurance Company of America v. Nelson, Charlesworth v. Hipsh, Bender v. Goldman, all supra. The term "reasonable cause to believe" presupposes a knowledge of such facts as would produce in the mind of a reasonably intelligent person a well founded belief as opposed to a mere suspicion. Ibid. It is the opinion of the Court that the evidence will not support a finding that the Bank at the time of the payment had knowledge of such facts as would produce a well founded belief that the Bankrupt was insolvent.

■ It appears from the testimony that the payment in question was made from funds which had been deposited with the Bank by the Bankrupt in good faith and in the usual course of business. The right of set-off, inherent in the mutual relationship of debtor and creditor, could have been enforced by the Bank at any time within the four months preceding the bankruptcy. Studley v. Boylston National Bank, supra; c.f. Widetzky v. Pilgrim Trust Co., supra, and other cases hereinafter cited. It is difficult, therefore, if not impossible, in the light of these facts to interpret the payment as preferential.

680

The referee in bankruptcy, in determining that the payment in question was not preferential, predicated his determination on a finding that there had been no resultant diminution of the bankrupt estate. This factual basis, although narrow, is not without foundation. The payment had been advanced by the Bankrupt on the assurance by William H. Reusch that he would replenish the estate to the extent of the payment; and, immediately after the payment had been made the said William H. Reusch, pursuant to his agreement, made further loans to the Bankrupt in the total amount of $6,500.00. These loans were used in the payment of debts then due to other general creditors. The first payment is, to a limited degree, similar to the second payment hereinafter discussed.

The second payment, that of April 15, 1940, although made at a time when the bankrupt was insolvent, was not a preference within the meaning of the Bankruptcy Act, § 60, sub. a, 11 U.S.C.A. § 96, sub. a. This payment was made from funds which had been advanced by William H. Reusch to the Bankrupt for the specific purpose of reducing the indebtedness on the notes on which he was secondarily liable as endorser. The transaction lacked the essential elements of a preference, to wit, transfer of the debtor's property and depletion of the debtor's estate. National Bank of Newport v. National Herkimer County Bank of Little Falls, 225 U.S. 178, 32 S.Ct. 633, 56 L.Ed. 1042; Grubb v. General Contract Purchase Corporation, D. C., 18 F.Supp. 680, affirmed 2 Cir., 94 F.2d 70; In re Zaferis Brothers & Co., Ltd., 9 Cir., 67 F.2d 140; First National Bank of Danville v. Phalen, 7 Cir., 62 F.2d 21, 88 A.L.R. 75; Citizens' National Bank of Gastonia v. Lineberger, 4 Cir., 45 F.2d 522.

The third payment, that of June 7, 1940, presents a very narrow question of fact. On the said date, when it was apparent that the Bankrupt was hopelessly insolvent and that bankruptcy was inevitable, the Bank appropriated the funds then on deposit to the account of the Bankrupt and applied them to the reduction of the existing debt. The Bankrupt prior thereto, to wit, on June 3 and 4, 1940, had made deposits of $3,331.31 and $335.73, respectively, against which it issued sixty-six checks, of which thirty-one, in the total amount of $1,851.47 were honored, and of which twenty-five, in the total amount of $681.28 were dishonored. It is asserted

by the Bank, but controverted by the trustee in bankruptcy, that the deposits had been made in the usual course of business, without intent to effect a preference, and were, therefore, subject to setoff under the Bankruptcy Act, § 68, 11 U.S.C.A. § 108.

It is well established that a bank deposit made in the usual course of business, subject to withdrawal by the depositor, is not a transfer of property within the meaning of the Bankruptcy Act, and is not, therefore, a preference, even though made when the depositor was insolvent. Such deposits may, upon the bankruptcy of the depositor, or prior thereto, be appropriated by the bank and applied to the payment of an existing debt of the depositor. Studley v. Boylston National Bank, supra; Continental & Commercial Trust & Savings Bank v. Chicago Title & Trust Co., 229 U.S. 435, 33 S.Ct. 829, 57 L.Ed. 1268; New York County National Bank v. Massey, 192 U.S. 138, 139, 24 S.Ct. 199, 48 L.Ed. 380; Cusick v. Second National Bank, Widetzky v. Pilgrim Trust Co., Citizens' National Bank of Gastonia v. Lineberger, all supra; Doggett v. Chelsea Trust Co., 1 Cir., 73 F.2d 614. It is equally well established, however, that a deposit made, not in the usual course of business, but with the intent that the same be applied to the payment of an existing debt, is a transfer of property within the meaning of the Bankruptcy Act, and is, therefore, a preference. First National Bank of Negaunee v. Fox, 6 Cir., 111 F.2d 810; First Wisconsin National Bank of Milwaukee v. Charness, 7 Cir., 73 F.2d 730; Twentieth Street Bank v. Gilmore, 4 Cir., 71 F.2d 594; Frankford Trust Co. v. Comber et al., 3 Cir., 68 F.2d 471; Matters v. Manufacturers' Trust Co., 2 Cir., 54 F.2d 1010; In re Almond-Jones Co., Inc., D.C., 13 F.2d 152, affirmed Union Trust Co. of Maryland v. Peck, 4 Cir., 16 F.2d 986; Bank of California v. Brainard, 9 Cir., 3 F.2d 3. The reported decisions are distinguishable on their peculiar facts.

It is the opinion of the Court, after careful consideration of the entire record, that the deposits in question had been made in the usual course of business and without intent to effect a preference. It necessarily follows, therefore, that the asserted right of set-off was properly enforceable against the funds.

The order of the referee in bankruptcy is affirmed.