### ROCHE v. NEW HAMPSHIRE NAT. BANK.

### No. 4585.

United States Court of Appeals,
First Circuit.

Nov. 14, 1951.

See also D.C., 97 F.Supp. 61.

---

The only substantial question the jury had before it was whether or not the defendant creditor had reasonable cause to believe that the bankrupt was insolvent at the time of the payment. It may be assumed that the other elements of a preferential transfer were proved.

The trustee argues that all the elements of a preferential transfer were shown, including that the defendant had reasonable cause to believe the bankrupt insolvent at the time of said payment and that there was no genuine issue of fact to present to the jury and that the verdict was clearly disdainful of the evidence. Consequently, he concludes the court erred in not directing a verdict for the plaintiff-trustee.

The trustee stresses the point that the only witness called in behalf of the defendant was defendant's general bookkeeper who testified that his work was of a mechanical nature and that he knew nothing of the arrangements between defendant's president and the bankrupt. The trustee further argues that the defendant introduced no evidence to deny the alleged voidable preference.

Wyant was adjudged a bankrupt upon a voluntary petition filed September 27, 1948.

The trustee had the burden of proof to show that the defendant had reasonable cause to believe that Wyant was insolvent at the time he made the payment to the defendant on August 21, 1948. Harrison v. Merchants Nat. Bank, 8 Cir., 124 F.2d 871; Collier on Bankruptcy (14th Ed.), Vol. 3, § 60.62, p. 1043.

The testimony produced on examination of the bankrupt could have provided the basis upon which a jury might conclude that the defendant did not have reasonable cause to believe the bankrupt was insolvent. The fact that the defendant through its president had told the bankrupt it would loan him money to satisfy his other creditors might well have been a controlling factor in the jury's verdict. It could have believed that the defendant would not have told the bankrupt this if the defendant thought Wyant was insolvent.

John W. King, Manchester, N. H., for appellant.

Charles M. Dale, Portsmouth, N. H. (Ray E. Burkett, Portsmouth, N. H., on the brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment for the defendant, entered by the United States District Court for the District of New Hampshire, in a suit by a trustee in bankruptcy to recover from the defendant bank a payment made by the bankrupt in the sum of $1010.00, alleged to have been a voidable preference. The action was tried to a jury.

In Moore's Federal Practice (2nd Ed.) Vol. 5, § 50.02, pp. 2315, 2316, it is stated:

"But where the evidence is conflicting or there is insufficient evidence to make only a 'one-way' verdict reasonably possible, a directed verdict is improper. * *

"* * * On appeal, likewise, the appellate court must consider the evidence in its strongest light in favor of the party against whom the motion for directed verdict was made, and must give him the advantage of every fair and reasonable intendment that the evidence can justify."

▆▆▆ It cannot be said on the record here, when considered with the reasonable inferences that could flow therefrom, that the evidence was "so insufficient in fact as to be insufficient in law". Mt. Adams & E. P. Inclined Ry. Co. v. Lowery, 6 Cir., 74 F. 463, 475. The motion for a directed verdict raises a question of law only. See Marsh v. Illinois Cent. R. Co., 5 Cir., 175 F.2d 498.

It was a jury question whether or not the defendant here had reasonable cause to believe the bankrupt at the time of the payment in question was insolvent. See Widetzky v. Pilgrim Trust Co., 5 Cir., 108 F.2d 647.

In Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520, the court said: "It is not the function of a court to search the record for conflicting circumstantial evidence in order to take the case away from the jury on a theory that the proof gives equal support to inconsistent and uncertain inferences. The focal point of judicial review is the reasonableness of the particular inference or conclusion drawn by the jury. It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. Washington & Georgetown R. Co. v. McDade, 135 U.S. 554, 571, 572, 10 S.Ct. 1044, 1049, 34 L.Ed. 235; Tiller v. Atlantic Coast Line R. Co., supra,

318 U.S. [54], 68, 63 S.Ct. [444], 451, [87 L.Ed. 610]; Bailey v. Central Vermont Ry., 319 U.S. 350, 353, 354, 63 S.Ct. 1062, 1064, 87 L.Ed. 1444. That conclusion, whether it relates to negligence, causation or any other factual matter, cannot be ignored. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable."

Because of the factual issue raised by the pleadings and the evidence, we are not warranted in holding that the lower court erred in denying the plaintiff's motion for a directed verdict.

The judgment of the district court is affirmed.

MAGRUDER, Chief Judge (concurring).

I concur in the opinion and the judgment of the court.

The only error alleged is the failure of the district court to grant a directed verdict in favor of the trustee-plaintiff, who had the burden of proof on all the issues. Ordinarily a court will not direct a verdict in favor of the party having the burden of proof. Le Page v. St. Johnsbury Trucking Co., Inc., 1951, 97 N.H. 46, 80 A.2d 148. In some cases, this may be proper. Delaware, Lackawanna & Western R. R. Co. v. Converse, 1891, 139 U.S. 469, 11 S.Ct. 569, 35 L.Ed. 213; IX Wigmore on Evidence (3d Ed.1940) § 2495. But I think it is clear that the present is not such a case.

The only witness offered by the trustee-plaintiff, and indeed the only material witness offered by either side, was Wyant, the bankrupt. In October, 1947, Wyant had bought and taken over from his brother-in-law a small grocery store business in Portsmouth, N. H., which had been losing money. After several months of effort he was unsuccessful in putting the business on its feet. During this time Wyant was in close touch with the president of defendant bank, which at one time held ten or a dozen notes executed by Wyant in connection with the business. It does not appear that the bank had any information as to Wyant's affairs

beyond what the president of the bank was told from time to time by Wyant himself. From Wyant's testimony, which was uncontradicted, it does appear that the bank, at the time of the payment in question, had reasonable cause to believe that the value of the assets of the store was less, by a few thousand dollars, than the total of the business debts, including what was owed to the bank. But the store was not incorporated, and in determining whether the individual proprietor was insolvent account would have to be taken of the value of whatever other assets he might possess. Nowhere in Wyant's testimony is it explicitly stated that he informed the president of the bank that he had insufficient outside assets, in addition to his store assets, to meet all his obligations. Indeed, the record is lacking in affirmative evidence from which the inference would be compelled that the bank was either aware of Wyant's insolvent condition or was possessed of information affording reasonable ground so to believe. Wyant had met the interest payments on the notes; had made regular payments on account of principal; and had reduced his notes to the bank in number and in total amount of indebtedness. When Wyant informed the president that he wished to get rid of the store in order to move with his family to Boston, where he had employment, the president proposed that Wyant sell the store and turn over the entire proceeds to the bank, and that the bank would then make him a further loan to enable him to pay off the other business creditors. A jury might reasonably infer from this that the bank could hardly have then known that Wyant was insolvent; and it is not suggested that the proposal was made in bad faith. Wyant did sell the store in August, 1948, for $2258.04, which he promptly turned over to the bank, $1010.00 of which went in extinguishment of an unsecured note held by the bank. Thereafter Wyant had negotiations with the bank with reference to the additional loan, but for some reason that does not appear this transaction was not consummated.

The trustee-plaintiff had the burden of establishing upon a preponderance of the evidence that when this payment was received the bank had reasonable cause to believe that Wyant was insolvent. Upon this record it cannot be said that the plaintiff had so incontrovertibly sustained this burden of proof that a contrary verdict could not rationally have been returned by the trier of the facts. Plaintiff was not entitled to a directed verdict; the issue of fact was properly left to the jury.

Judge WOODBURY concurs also in this opinion.