**Nathan YORKE, Trustee of the Estate of Philip Horvitz, Bankrupt, Plaintiff-Appellant,**

v.

**THOMAS ISERI PRODUCE COMPANY, Defendant-Appellee.**

**No. 17545.**

United States Court of Appeals Seventh Circuit.

Nov. 26, 1969.

Louis W. Levit, Chicago, Ill., for appellant.

Hamilton Clorfene, Chicago, Ill., for appellee.

Before KNOCH, Senior Circuit Judge, CUMMINGS and KERNER, Circuit Judges.

CUMMINGS, Circuit Judge.

The question presented by this appeal is whether defendant received a voidable preference when it recovered $9,221.26 through attaching a bankrupt's funds within four months of the filing of the bankruptcy petition.

On March 29, 1966, an involuntary petition in bankruptcy was filed against Philip Horvitz (the "bankrupt"), and he was subsequently adjudged bankrupt. He had previously been a produce broker

in Chicago. In September 1965, defendant Thomas Iseri Product Co., an Ontario, Oregon, packer, shipped him jumbo yellow onions on open account for $10,000. Under the settled custom of the produce industry, payment was due about September 27, 1965.

On December 7, 1965, defendant sent bankrupt a telegram stating that unless it received a substantial payment by the end of the week on this indebtedness, it would be forced to report the matter to the Department of Agriculture under the provisions of the Perishable Agricultural Commodities Act.[1] In reply, bankrupt wired defendant on December 10: "PLEASE HOLD OFF ANOTHER WEEK AND KEEP CONFIDENTIAL. THIS FOR OUR MUTUAL BENEFIT." On December 14, 1965, over sixty days late, the bankrupt sent defendant a $1,000 check on account, thus reducing his indebtedness to $9,000. A series of telegrams about this debt ensued between defendant and bankrupt during December because defendant was unable to reach bankrupt on the telephone at his place of business. These telegrams evince the evasiveness of bankrupt in the face of repeated demands for payment.

On December 21, 1965, defendant retained a Chicago law firm to enforce its claim against the bankrupt. A representative of this firm called at bankrupt's office in December and found it closed, with a sign stating "Closed on account of illness." The firm was unable to locate the bankrupt. It knew that nobody had seen bankrupt "for a few weeks before or afterwards."

On or about January 3, 1966, the Packer Produce Mercantile Agency, a credit-reporting agency, advised the defendant that the bankrupt's "business is inactive and efforts by this agency to contact Horvitz have not been successful." The report also stated that others had no success in locating him, and that reportedly he had "outstanding obligations in several quarters," with a claim filed with the Department of Agriculture under the Perishable Agricultural Commodities Act.

On January 3, 1966, defendant filed an attachment suit against bankrupt in the Circuit Court of Cook County. The supporting affidavit of one of its attorneys stated:

"Debtor has departed from this state with the intention of having the effects removed from this state, and are about to depart from the state with the intention of having their effects removed from this state. Debtor is about fraudulently to conceal, assign or otherwise dispose of their property or effects so as to hinder or delay their creditors." (Sic.)

Through the attachment proceeding, defendant received $9,221.26 from bankrupt's bank account on February 7, 1966. Bankruptcy proceedings were instituted on March 29, 1966, and the bankruptcy trustee seeks to set aside this transfer to defendant on the ground that it was a voidable preference.

The district court found that at the time of the transfer the bankrupt was insolvent. The court also "found" that the defendant, its agents and attorneys "did not know and did not have reasonable cause to believe that the debtor, Philip Horvitz, was insolvent." The court held that this transfer within four months before the filing of this bankruptcy petition was a preference within the meaning of Section 60a of the Bankrupcty Act (11 U.S.C. § 96(a)) but was not voidable under Section 60b (11 U.S. C. § 96(b)), providing that a preference

---

1. Under the Perishable Agricultural Commodities Act (7 U.S.C. § 499b(4)), as amended in 1942, it is unlawful for any broker or dealer "to fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had * * *." Violation of that provision may, under Section 499h(a), lead to the revocation of the offender's license.

may be voided by the bankruptcy trustee if the creditor (or his agent) receiving it had "reasonable cause to believe" that the debtor was insolvent at the time of the transfer. We reverse.

■ Before determining the correctness of the ruling below, it is necessary to consider the appropriate scope of review. The basic facts of the case are not disputed. From these the district court concluded that defendant lacked "reasonable cause to believe" that the bankrupt was insolvent at the time of the transfer, labelling that conclusion as its finding of fact 22. Rule 52(a) of the Federal Rules of Civil Procedure binds this Court to findings of fact made by the trial judge unless those findings are "clearly erroneous." But the determination of "reasonable cause to believe" is not strictly a question of fact. It involves an ultimate judgment concerning the character of fundamental facts and results from the application of a legal rule to those facts. As Judge Wisdom observed in Mayo v. Pioneer Bank & Trust Company, 297 F.2d 392, 395 (5th Cir. 1961), also involving voidable preferences under Section 60b of the Bankruptcy Act:

"Under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the trial judge's findings of fact are conclusive unless clearly erroneous, but when the factual determination is primarily a matter of drawing inferences from undisputed facts or determining their legal implications, appellate review is far broader than where disputed evidence and questions of credibility are involved. Mitchell v. Raines, 5 Cir., 1956, 238 F.2d 186; Galena Oaks Corporation v. Scofield, 5 Cir., 1954, 218 F.2d 217. Our scope of review in this case is broad, since the decision turns not on what the officers of the bank in fact believed, but on what they had 'reasonable cause' to believe; and, most of the basic facts are undisputed."

Applying these standards, the Court reversed a finding that the creditor did not have reasonable cause to believe the debtor to be insolvent.[2]

■ The "clearly erroneous" concept was defined in United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746:

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the *definite and firm conviction* that a mistake has been committed." (Emphasis supplied.)[3]

Here we are left with such a conviction, as the Fifth Circuit must have been in the *Mayo* case. We are convinced that the district court clearly erred in entering finding 22. Under Section 60b of the Bankruptcy Act, "reasonable cause to believe" requires more than grounds for suspicion but less than certain knowledge of the debtor's insolvency. It exists where

"* * * such a state of facts is brought to the creditor's notice, respecting the affairs and pecuniary condition of the debtor, as would lead a prudent business person to the conclusion that the debtor is insolvent." 3 Collier on Bankruptcy, § 60.53[1], p. 1058 (1968); In re Eggert, 102 F. 735, 741 (7th Cir. 1900); In re Cox, 132 F.2d 881, 882 (7th Cir. 1943). The statute contemplates an objective and practical test. Prudential Insurance Company of America v. Nelson, 96 F.2d 487, 491 (6th Cir. 1938).

■ Here the facts evidence substantially more than mere cause for suspicion and much more than bankrupt's failure to pay a debt. Although there

2. In Wertz v. National City Bank of Evansville, Ind., 115 F.2d 65, 68 (7th Cir. 1940), we refused to upset the trial judge's finding that a bank did not have reasonable grounds to believe its debtor to be insolvent because the judge's conclusion was supported by substantial evidence.

3. The clearly erroneous rule was recently thoroughly explored by Judge Hastings in Prince v. Parker Manufacturing Company, 419 F.2d 34 (7th Cir. 1969).

was no sure proof of insolvency, there was more than ample evidence to a prudent businessman that the bankrupt's business had failed and its demise was imminent. Cf. In re Shelley Furniture, Inc., 283 F.2d 540, 545 (7th Cir. 1960). By January 3, 1966, defendant knew that bankrupt was three months behind in his payments in a trade in which business custom called for unusually prompt payment of debts. It knew that he was in trouble and had requested its cooperation in keeping his financial difficulties secret. His business was closed, he could not be reached, and had other outstanding obligations. The defendant acted accordingly. On January 3, it instituted state proceedings and utilized the extraordinary remedy of pre-trial attachment accompanied by an affidavit which stated the belief that the bankrupt had departed the state and was attempting fraudulently to conceal or dispose of his property by transferring it out of state.

Defendant now asks us to approve this conduct in the face of the clear purpose of Section 60b of the Bankruptcy Act to discourage action on the part of creditors which might prematurely force a business into bankrupcty. See Grant v. National Bank, 97 U.S. 80, 24 L.Ed. 971. The district court's decision in this case places a premium upon the race to the courthouse by rewarding creditors who proceed against debtors independently to prefer their own claims to the detriment of the interests of the debtor and remaining creditors.

The trustee in bankruptcy more than met his burden of proving the existence of facts which would give defendant "reasonable cause to believe" that this bankrupt was insolvent. Canright v. General Finance Corp., 123 F.2d 98, 99 (7th Cir. 1941). Finding 22 is not supported by substantial evidence, is clearly erroneous and therefore cannot stand, so that judgment must be entered for the bankruptcy trustee.

The judgment is reversed with instructions to enter judgment for appellant.